IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
CASE NO. 0:18-cv-61984

**POLLY BASSETT**,

    **Plaintiff,**

v.

**WAL-MART STORES EAST, LP,**

    **Defendant.**

## FIRST AMENDED COMPLAINT

Plaintiff, POLLY BASSETT, by and through undersigned counsel, files this First Amended Complaint against Defendant, WAL-MART STORES EAST, LP, and allege as follows:

### PARTIES, JURISDICTION, AND VENUE

1. This is an action for damages in excess of Fifteen Thousand Dollars ($15,000.00), exclusive of interest and costs.

2. Plaintiff, POLLY BASSETT, at all times material hereto, was a resident of Broward County Florida, residing in Coral Springs, Broward County, Florida, was over the age of eighteen (18) years, and is otherwise *sui juris*.

3. Defendant, WAL-MART STORES EAST, LP (hereafter "WALMART"), was at all material times hereto, a Florida Corporation engaged in the operation of a big box retail business in Broward County, Florida, and was licensed and doing business in the State of Florida.

4. Upon information and belief, this Court has personal jurisdiction over the Defendant WALMART in that:

A. Defendant WALMART has operated, conducted, engaged in, carried on business or business venture in Florida pursuant to and within the meaning of § 48.193(1)(a), Fla. Stat. and from which this action arises; or

B. Defendant WALMART has committed a tortuous act within the state, pursuant to and within the meaning of § 48.193(1)(b), Fla. Stat. and from which this action arises; or

C. Defendant WALMART has engaged in substantial and not isolated activity within this state, including the Southern District of Florida, pursuant to and within the meaning of § 48.193(2), Fla. Stat. and from which this action arises, at least by virtue of transaction of business within the State of Florida.

5. Venue is proper in Fort Lauderdale, Broward County, Florida because the accident from which this cause of action arises occurred in Broward County, Florida.

## ALLEGATIONS COMMON TO ALL COUNTS

6. On or about December 24, 2016, Defendant WALMART, was the owner and/or in possession of a building known and described as Walmart located at 3801 Turtle Creek Dr. Coral Springs, Broward County, Florida, which was held open to the public as a big box retail store (hereinafter referred to as the "Premises").

7. On or about December 24, 2016, the Plaintiff lawfully went on the above-described property to buy one or more items.

8. At the aforesaid time and place and while obtaining a shopping cart in Defendant WALMART's business establishment, Plaintiff POLLY BASSETT entered the area where shopping carts are located and slipped and fell on a clear, wet, dirty slippery liquid substance located on the floor of the Premises.

9. Defendant WALMART posted no signs, warnings, and no other indicators were present to warn Plaintiff POLLY BASSETT of the possibility of any wet, slippery substance in any aisle at the Premises, or to signal to Plaintiff that Defendant WALMART caused and created the dangerous and unsafe condition on the Premises.

10. Defendant WALMART posted no signs, warnings, and no other indicators were present to warn Plaintiff POLLY BASSETT of the possibility of any wet, dirty, slippery substance in any aisle at or on the Premises, or to signal to Plaintiff POLLY BASSETT that a dangerous condition was present.

11. The aforesaid fall was caused solely by the negligence of the Defendant WALMART, its agents, servants, leassees, and/or employees in the ownership, use, maintenance, and/or operation of the Premises.

12. Defendant WALMART caused and created the dangerous and unsafe condition on the Premises.

## COUNT I
## NEGLIGENCE OF WALMART

13. Plaintiff realleges the allegations set forth above in paragraphs 1-12 as if set forth herein in full.

14. At all times material hereto, Defendant WALMART owed Plaintiff POLLY BASSETT a duty of care in which Defendant WALMART must maintain the Premises reasonably safe condition.

15. Upon information and belief, Defendant WALMART had actual knowledge that the transitory foreign substance was present on the premises floor where Plaintiff slipped and fell, in that Defendant placed shopping carts from outside in the shopping cart area with water on the carts before Plaintiff fell and was aware that water had accumulated on the ground.

16. Upon information and belief, one or more of Defendant WALMART's employees personally saw the presence of liquid in the area by the shopping carts.

17. Defendant WALMART had constructive knowledge that the dirty slippery substance was present on the premises floor where Plaintiff slipped and fell, because the dangerous condition existed for such length of time that, in the exercise of ordinary care, the business establishment should have known of the condition in that the dangerous condition existed for a period of time; the foreign transitory substance was dirty and slippery and had muddy footprints and/or cart tracks, and/or the condition occurred with regularity and was therefore foreseeable, in that shopping carts that are returned from outside following rain regularly drop water on the ground of the shopping cart area as the shopping carts are stocked and after customers remove shopping carts therefrom, causing water to accumulate onto the floor and create a dangerous condition of the type encountered by Plaintiff.  Thus, the dangerous condition encountered by Plaintiff was reasonably foreseeable by Defendant WALMART

18. Despite having actual *and/or* constructive knowledge of the dangerous existence of a foreign transitory substance on the floor of the Premises, Defendant negligently failed to remedy the dangerous condition.  That is, Defendant failed to take reasonable action to eliminate the danger or warn of its presence.

19. As a result of Defendant WALMART's negligence, Plaintiff encountered the dangerous condition, slipped and fell, and was injured in the manner described herein.

20. In addition to not taking reasonable remedial action based on its actual *and/or* constructive knowledge of the dangerous condition that ultimately caused injury to Plaintiff, at all times material hereto, Defendant had a common law duty to maintain the Premises in a reasonably safe condition.

21. At all times material hereto, Defendant had a common law duty to exercise reasonable care in the ownership, maintenance, operation and/or use of its property for the benefit and safety of other individuals.

22. At all material times, Defendant WALMART breached its duty of care to other individuals, and in particular to Plaintiff, as Defendant WALMART was careless, reckless, and negligent in the ownership, operation and/or maintenance and/or use of its property.

23. Defendant breached this common law duty by causing and/or allowing water to to accumulate on the floor for long periods of time despite being expressly apprised of such water by customers and its own agents and employees, and by failing to regularly inspect the premises for such accumulation of water on the floor or warn of its presence.

24. As a result of Defendant WALMART's negligent failure to maintain the premises in a reasonably safe condition, Plaintiff encountered the dangerous condition comprising of water, a foreign transitory substance, on the floor of the premises, and Plaintiff slipped and fell on the substance.

25. As a result of all of the foregoing, Plaintiff has been prevented from her usual and daily activities and duties and may be so prevented for an indefinite time in the future, all to her great financial and personal detriment and loss.

26. The carelessness, recklessness, and negligence of Defendant further includes, without limitation, the following:

   a. Failing to remedy the dangerous condition comprising a foreign transitory object or substance on the floor of the Premises, including without limitation failing to take reasonable action to eliminate the danger or warn of its presence;

   b. Failing to properly inspect the Premises;

c. Failing to correct the negligent or hazardous condition which they were aware or should have been aware;

d. Failing to warn pedestrians and/or other individuals of the negligent or hazardous condition of the Premises at the point where Plaintiff POLLY BASSETT fell;

e. Failing to maintain the Premises in a condition which would protect and safeguard persons and/or members of the public upon the premises and preventing them from falling;

f. Allowing and permitting the aforesaid negligent condition to remain on the Premises so as to constitute a menace, danger, nuisance, or trap to persons lawfully upon the said Premises;

g. Creating a hazardous condition and failing to warn the Plaintiff POLLY BASSETT of said condition;

h. Otherwise failing to exercise due and proper care under the circumstances;

i. Causing and/or permitting a dangerous and/or hazardous condition to exist which the Defendant WALMART knew or should have known developed an unreasonable risk of harm to Plaintiff POLLY BASSETT and other users of the Premises;

j. Failing to properly and adequately warn the Plaintiff POLLY BASSETT of the aforesaid dangerous and/or hazardous condition;

k. Failing to properly perform its statutory, common law, and ordinance duties;

l. Causing, allowing, and permitting the said hazardous and/or dangerous condition to exist, so as to constitute a menace, danger, nuisance, and trap to persons lawfully on said premises;

    m. Failing to post and/or erect and/or set out proper and adequate signs, cones, barriers of warning, in, on, and/or about said premises;

    n. Failing to properly inspect, maintain, and/or control said premises;

    o. Creating and/or permitting a foreseeable risk of harm;

    p. Creating and/or permitting a foreseeable zone of risk;

    q. Failing to make said premises reasonably safe for its intended purpose; and

    r. Causing distraction to the Plaintiff while in the zone of risk.

27. As a direct, foreseeable, and proximate result of Plaintiff slipping, tripping, stumbling, and/or falling on the foreign transitory object and/or substance that was present on the Premises due to Defendant, WALMART's negligence, Plaintiff suffered bodily injuries and resulting pain and suffering, disability, mental anguish, disfigurement, humiliation, loss of capacity for the enjoyment of life and life's pleasures, lost wages, expense of hospitalization, medical and nursing care and treatment. The losses are either permanent or continuing and Plaintiff will suffer the expenses and losses in the future.

**WHEREFORE**, Plaintiff demands judgment against Defendant WALMART as follows:

A. Judgment for damages in an amount to be proven at trial;

B. For bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, and loss of capacity for the enjoyment of life;

C. For all medical and incidental expenses according to proof;

D. For costs of suit incurred in connection with this action;

E. For both pre and post-judgment interest at the maximum allowable rate on any amounts awarded; and

  F.  For any and all such other and further relief as the court may deem just and proper.

## COUNT II
## NEGLIGENCE VIA RES IPSA LOQUITUR

  28.  Plaintiff realleges the allegations set forth above in paragraphs 1-12 as if set forth herein in full.

  29.  At all times material hereto, Defendant WALMART, owed Plaintiff POLLY BASSETT a duty of care in which Defendant WALMART, must maintain the Premises in a reasonably safe condition.

  30.  The conduct and omissions of the Defendant WALMART, are presumed to be negligent because:

    A. The pooling of water would not have happened unless Defendant WALMART, was negligent;

    B. The slip and fall was caused by something that only Defendant WALMART, controls; and

    C. POLLY BASSETT voluntary actions did not cause or contribute to her injury.

  31.  Ordinarily, the slip and fall would not have happened without someone's negligence.

  32.  That the area in which Plaintiff fell causing the injury was in the exclusive control of Defendant WALMART, at the time it caused the injury,

  33.  That it is inferred that Defendant WALMART, was negligent based on Res Ipsa Loquitur.

  34.  As a direct, foreseeable, and proximate result of Defendant WALMART,'s negligence via Res Ipsa Loquitur, Plaintiff slipped, tripped, stumbled, and/or fell, and suffered

bodily injuries and resulting pain and suffering, disability, mental anguish, humiliation, disfiguration, loss of capacity for the enjoyment of life and life's pleasures, lost wages, expense of hospitalization, medical and nursing care and treatment. The losses are either permanent or continuing and Plaintiff will suffer the expenses and losses in the future.

**WHEREFORE**, Plaintiff demands judgment against Defendant WALMART, as follows:

A. Judgment for damages in an amount to be proven at trial;

B. For bodily injury and resulting pain and suffering, disability, disfigurement, and loss of capacity for the enjoyment of life;

C. For all medical and incidental expenses according to proof;

D. For costs of suit incurred in connection with this action;

E. For both pre and post-judgment interest at the maximum allowable rate on any amounts awarded; and

F. For any and all such other and further relief as the court may deem just and proper.

*Continued On Next Page*

## DEMAND FOR JURY TRIAL

Plaintiff, POLLY BASSETT, demands trial by jury on all issues so triable as a matter of right.

Dated: August 30, 2018

Respectfully submitted,

By: s/Matthew Sean Tucker
Matthew Sean Tucker
Florida Bar No. 90047
Tucker Law®
200 SE 6TH Street, Suite 405
Fort Lauderdale, FL 33301
Telephone: (954) 204-0444
Facsimile: (954) 358-4946
Primary: Matt@TuckerUp.com
Secondary: cmecf@TuckerUp.com
www.TuckerUp.com
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on August 30, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

By: s/Matthew Sean Tucker