UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
BROWARD DIVISION

CASE NO.: 0:18cv61984

POLLY BASSETT,

    Plaintiff,

v.

WAL-MART STORES EAST, LP,

    Defendant.

_____/

**WAL-MART STORES EAST, L.P.'S ANSWER AND
AFFIRMATIVE DEFENSES TO COUNT I OF
PLAINTIFF'S FIRST AMENDED COMPLAINT[1]**

Defendant, Wal-Mart Stores East, L.P., ("Wal-Mart"), by and through the undersigned counsel, hereby files its Answer and Affirmative Defenses to Plaintiff's First Amended Complaint, and states as follows:

1. For jurisdictional purposes only, Wal-Mart admits that this matter was removed by Defendant to this Court based on diversity of citizenship and that Plaintiff seeks damages in excess of Seventy-Five Thousand Dollars ($75,000.00). Defendant is otherwise without knowledge as to the truth or veracity of the allegations in Paragraph 1 and therefore denies and demands strict proof thereof.

2.     Admitted.

---

[1] Wal-Mart previously filed a Motion to Dismiss Count II of Plaintiff's First Amended Complaint, which is pending before this Court. *See* ECF No. 5.

3. Admitted for the purposes of this litigation only that Wal-Mart was and is a foreign limited partnership authorized to and operating a Wal-Mart store in Broward County, Florida. All remaining allegations are denied.

4. Admitted for purposes of this litigation only that this Court has jurisdiction and Wal-Mart owns and operates the subject retail store in Broward County, Florida. All remaining allegations, including in subparagraphs (a) through (c) are denied.

5. Admitted for purposes of this litigation only that venue is proper. All remaining allegations are denied.

## ALLEGATIONS COMMON TO ALL COUNTS

6. Admitted for purposes of this litigation only that Wal-Mart owned and operated the retail business located at 3801 Turtle Creek Drive, Coral Springs, Broward County, Florida, on or about December 24, 2016. All remaining allegations are denied.

7. Unknown therefore denied

8. Denied.

9. Denied.

10. Denied.

11. Denied.

12. Denied.

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131 · TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

CASE NO.: 0:18cv61984

## COUNT I
## NEGLIGENCE OF WALMART

13. Wal-Mart realleges the allegations set forth in paragraphs 1-12 as if fully set forth herein.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied, including subparagraphs (a) through (r).

27. Denied.

Wherefore clause—Denied, including subparagraphs (a) through (f).

**WHEREFORE,** Defendant, WAL-MART STORES EAST, LP, respectfully requests that this Honorable Court dismiss Plaintiff's First Amended Complaint with prejudice as it fails to state a cause of action for which relief can be granted, and requests this Court grant any other award it may deem just and proper.

CASE NO.: 0:18cv61984

## COUNT II
## NEGLIGENCE VIA RES IPSA LOQUITUR

Wal-Mart has filed a Motion to Dismiss Count II currently pending before the Court, and therefore does not answer this Count. *See* ECF No. 5.

## JURY TRIAL REQUEST

Plaintiff requests a trial by jury; however, Defendant asserts that there are no triable issues to be heard.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

As its First Affirmative Defense, WAL-MART alleges that the injuries alleged in the First Amended Complaint were pre-existing. Therefore, WAL-MART cannot be held liable for such injuries, as they would have been inevitably worsened. Alternatively, if the Plaintiff, Polly Bassett, was injured on the property, liability extends only to the aggravation of the pre-existing conditions.

### Second Affirmative Defense

As its Second Affirmative Defense, WAL-MART alleges that Plaintiff, Polly Bassett's own acts of negligence amount to a superseding cause that cuts off any causal connection between WAL-MART's alleged negligence and Plaintiff's damages.

### Third Affirmative Defense

As its Third Affirmative Defense, WAL-MART alleges that Plaintiff's damages were caused either in whole or in part by Plaintiff, Polly Bassett's own acts

of negligence, including but not limited to the failure to exercise reasonable care for her own safety including failure to exercise caution while walking in the premises, failing to observe her surroundings and/or appreciate an open and obvious condition, and an award, if any, should be reduced accordingly by the principles of comparative fault.

### Fourth Affirmative Defense

As its Fourth Affirmative Defense, WAL-MART alleges that Plaintiff's damages were caused either in whole or in part by the act(s) of third persons for whom WAL-MART is not responsible and that amount to a superseding cause that cuts off any causal connection between WAL-MART's alleged negligence and Plaintiff's damages.

### Fifth Affirmative Defense

As its Fifth Affirmative Defense, WAL-MART alleges that Plaintiff failed to mitigate her damages, or alternatively, Plaintiff mitigated her damages, and therefore, its damages, if any, should be reduced accordingly.

### Sixth Affirmative Defense

As its Sixth Affirmative Defense, WAL-MART alleges it is entitled to a set-off for any and all monies paid on behalf of the Plaintiff towards her treatment and medical care as well as any monies received from collateral and non-collateral sources.

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131 · TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

### Seventh Affirmative Defense

As its Seventh Affirmative Defense, WAL-MART alleges that the liability of non-party tortfeasors should be considered by this Court and the percentage of fault attributed to such non-party tortfeasors be considered when apportioning damages.

### Eighth Affirmative Defense

As its Eight Affirmative Defense, WAL-MART alleges that the First Amended Complaint fails to state a cause of action for Negligence upon which relief can be granted.

### Ninth Affirmative Defense

As its Ninth Affirmative Defense, WAL-MART alleges that there is no cause of action as WAL-MART had no actual or constructive notice of any alleged dangerous condition which allegedly caused or contributed to Plaintiff's injuries and/or the alleged condition was not present sufficiently long enough for WAL-MART to take corrective action, or there was no opportunity for WAL-MART to do so.

### Tenth Affirmative Defense

As its Tenth Affirmative Defense, WAL-MART did not breach any legal duty or standard of care owed to the Plaintiff nor was any act and/or omission on its part the proximate cause of any damages alleged in the First Amended Complaint.

### Eleventh Affirmative Defense

As its Eleventh Affirmative Defense, WAL-MART alleges that any alleged dangerous or defective condition on the premises of which Plaintiff complains was

6

**HAMILTON, MILLER & BIRTHISEL** LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131 · TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

open and obvious and/or known or should have been known by Plaintiff and as such WAL-MART had no duty to warn.

### Twelfth Affirmative Defense

As its Twelfth Affirmative Defense, WAL-MART alleges that no dangerous condition existed that caused Plaintiff's alleged accident. Alternatively, if the dangerous condition described in Plaintiff's First Amended Complaint did exist, such condition was open and obvious, and therefore Plaintiff cannot recover for the alleged accident.

### Thirteenth Affirmative Defense

As its Thirteenth Affirmative Defense, WAL-MART alleges that there is no cause of action, as Wal-Mart did not create any dangerous or defective condition, and/or did not maintain an area in which such a condition existed.

### Fourteenth Affirmative Defense

As its Fourteenth Affirmative Defense, WAL-MART reserves the right to amend in order to identify such parties or non-parties to be included on the verdict form pursuant to *Nash v. Wells Fargo Guard Services, Inc.*, 678 So.2d 1262 (Fla. 1996).

### RESERVATION OF RIGHTS

Wal-Mart hereby reserves the right to amend, modify, or supplement these Affirmative Defenses.

**Dated: September 18, 2018**

*[Signature and Certificate of Service to Follow]*

CASE NO.: 0:18cv61984

Respectfully submitted,

/s/ Annalisa Gutierrez
Jerry D. Hamilton
Florida Bar No. 970700
jhamilton@hamiltonmillerlaw.com
Annalisa Gutierrez, Esq.
Florida Bar No.: 97940
agutierrez@hamiltonmillerlaw.com
Gilda M. Chavez, Esq.
Florida Bar No.: 973173
gchavez@hamiltonmillerlaw.com
HAMILTON, MILLER & BIRTHISEL, LLP
*Attorneys for Wal-Mart Stores East LP*
150 Southeast Second Avenue, Suite 1200
Miami, Florida 33131-2332
Telephone: (305) 379-3686
Facsimile: (305) 379-3690

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on September 18, 2018, I electronically filed the foregoing document with the Clerk of the court using the E-Filing Portal. I also certify that the foregoing document is being served this day to the parties listed below by electronic mail.

/s/ **Annalisa Gutierrez**
Annalisa Gutierrez, Esq.

CASE NO.: 0:18cv61984

## SERVICE LIST

Matthew S. Tucker, Esq.
Florida Bar No. 90047
matt@tuckerup.com
TUCKER LAW
200 S.E. 6th Street
Suite 405
Fort Lauderdale, Florida 33301
Telelphone: (954) 204-0444
Facsimile: (954) 358-4946
*Attorneys for Plaintiff*

Jerry D. Hamilton
Florida Bar No. 970700
jhamilton@hamiltonmillerlaw.com
Annalisa Gutierrez, Esq.
Florida Bar No.: 97940
agutierrez@hamiltonmillerlaw.com
Gilda M. Chavez, Esq.
Florida Bar No.: 973173
gchavez@hamiltonmillerlaw.com
HAMILTON, MILLER & BIRTHISEL, LLP
150 Southeast Second Avenue, Suite 1200
Miami, Florida 33131-2332
Telephone:    (305) 379-3686
Facsimile:    (305) 379-3690
*Attorneys for Wal-Mart Stores East LP*