UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 18-61984-CIV-MORENO/SELTZER

POLLY BASSETT,

    Plaintiff,

vs.

WAL-MART STORES EAST, LP,

    Defendant.
_____/

## **ORDER**

**THIS CAUSE** has come before the Court upon Defendant's Motion to Compel Plaintiff's Deposition and Request for Expedited Briefing [DE 22]. Wal-Mart requests an Order compelling Plaintiff Polly Bassett to provide dates for Plaintiff's deposition to occur before January 11, 2019. The discovery deadline in the case is February 14, 2019. Plaintiff's counsel reportedly refuses to provide deposition dates for his client until Wal-Mart either produces videos of the premises where the incident occurred or admits liability. Wal-Mart asks the Court to order Plaintiff to provide dates for her deposition.

The Federal Rules of Civil Procedure and the Local Rules govern the scheduling of depositions, as well as the imposition of sanctions for failure to attend depositions. The Local Rules proclaim "the Court's expectation that counsel will seek to accommodate their fellow practitioners, including in matters of scheduling, whenever reasonably possible and that counsel will work to eliminate disputes by reasonable agreement to the fullest extent permitted by the bounds of zealous representation and ethical practice." Local Rules for the Southern District of Florida, Introductory Statement. The Local Rules also prescribe

the method and timing of noticing depositions:

> **(h) Reasonable Notice of Taking Depositions.** Unless otherwise stipulated by all interested parties, pursuant to Federal Rule of Civil Procedure 29, and excepting the circumstances governed by Federal Rule of Civil Procedure 30(a), a party desiring to take the deposition within the State of Florida of any person upon oral examination shall give at least seven (7) days' notice in writing to every other party to the action and to the deponent (if the deposition is not of a party), and a party desiring to take the deposition in another State of any person upon oral examination shall give at least fourteen (14) days' notice in writing to every other party to the action and the deponent (if the deposition is not of a party).
> Failure to comply with this rule obviates the need for protective order.
> Notwithstanding the foregoing, in accordance with Federal Rule of Civil Procedure 32(a)(5)(A), no deposition shall be used against a party who, having received less than eleven (11) calendar days' notice of a deposition as computed under Federal Rule of Civil Procedure 6(a), has promptly upon receiving such notice filed a motion for protective order under Federal Rule of Civil Procedure 26(c)(1)(B) requesting that the deposition not be held or be held at a different time or place and such motion is pending at the time the deposition is held.

Local Rule 26.1(h), Local Rules for the Southern District of Florida.

Although cooperation between counsel in scheduling depositions is expected, there is no enforceable rule that would permit the Court to order such cooperation. Furthermore, there is no rule that would excuse Plaintiff from attending her deposition until after videos have been produced. The Court further notes that Wal-Mart has produced two hours of video of the location where Plaintiff's incident occurred.

The Court is sympathetic to Wal-Mart's attempts to coordinate discovery. However, when such coordination is not possible, Wal-Mart's remedy is to properly notice the deposition without input from opposing counsel. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Defendant's Motion to Compel Plaintiff's Deposition and Request for Expedited Briefing [DE 22] is **DENIED.**

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 12th day of December 2018.

BARRY S. SELTZER
United States Magistrate Judge

Copies furnished counsel
via CM/ECF