IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:18-CV-61984-FAM

**POLLY BASSETT**,

    Plaintiff,

v.

**WAL-MART STORES EAST, L.P.**,

    Defendant.

### PLAINTIFF'S VERIFIED EXPEDITED MOTION TO CONTINUE PRETRIAL DEADLINES [DE 7]

**COMES NOW**, the Plaintiff, POLLY BASSETT, by and through undersigned counsel, pursuant to Fed. R. Civ. P. 16, hereby moves this Court to modify the Scheduling Order Setting Trial [DE 7] to expand the time allotted for discovery for the reasons provided herein. Plaintiff propose an amended Scheduling Order Setting Trial with the following deadlines:

| | |
|---|---|
| Deadline to join additional parties or to amend pleadings | March 18, 2019 |
| Deadline to complete all discovery (including expert discovery) | May 14, 2019 |
| Deadline for filing of all motions for summary judgment | May 28, 2019 |
| Deadline for the filing of pretrial motions (including motions *in limine* and *Daubert* motions) | July 10, 2019 |
| Mediation to be completed no later than: | July 10, 2019 |
| Plaintiff's witness and exhibit lists: | August 22, 2019 |
| Defendant's witness and exhibit lists: | August 24, 2019 |
| Pretrial stipulations to be filed by: | August 28, 2019 |
| Calendar Call | September ** |

| Two week trial period | September ** |
|---|---|

This proposed schedule would require postponement of the trial on the Court's calendar.

The Defendant opposes Plaintiffs' proposed schedule but only because of disagreement on the language in this Motion. Plaintiffs' proposed schedule would not prejudice Defendants, however; instead it will help to ensure that this Court will have before it an appropriately complete factual record on which to decide the important issues in this case. Plaintiff would be severely prejudiced should this Court deny Plaintiff's Motion. A Memorandum of Law follows detailing the specific modifications requested and the arguments in support of this motion.

**Expedited Explanation and Stated Date Pursuant to Rule 7.1(d)**

Plaintiff has requested expedited status of this Motion and a ruling is needed by January 16, 2019, otherwise, Plaintiff will not be afforded enough time to set the depositions of all names previously provided by the Defendant as having knowledge in this matter, with the hope that those folks are the individuals seen in the recently produced CCTV video. Plaintiff would not be afforded enough time to set, serve, and take the depositions before the deadline to complete all discovery occurs on February 14, 2019. Oppositely, if this Motion is granted, Plaintiff will have the opportunity to discover the names of the individuals in the CCTV video and not be forced to set numerous unnecessary depositions in this matter.

*Signature on Next Page*

|  |  |
|---|---|
| Dated: January 8, 2019 | Respectfully submitted,<br><br>By: s/Matthew Sean Tucker<br>Matthew Sean Tucker<br>Florida Bar No. 90047<br>Tucker Law®<br>200 SE 6TH Street, Suite 405<br>Fort Lauderdale, FL 33301<br>Telephone: (954) 204-0444<br>Facsimile: (954) 358-4946<br>Matt@TuckerUp.com<br>*Attorney for Plaintiff(s)* |

**MEMORANDUM IN SUPPORT OF MOTION
TO CONTINUE PRETRIAL DEADLINES [DE 7]**

This case involves a slip-and-fall inside of Walmart. On September 27, 2018, this Court entered a scheduling order following a discovery conference with all parties and four hours before the parties filed their Joint Scheduling Report [DE 9].

Pursuant to Rule 16(b)(4) of the Federal Rules of Civil Procedure, a scheduling order may be modified "for good cause and with the judge's consent." A continuance is required to provide Plaintiff with the opportunity to conduct essential discovery that was, and still is, delayed by the Defendant in this matter, including the taking of the Corporate Rep deposition and issues of spoliation of CCTV video in this matter.

As it relates to the Corporate Rep, Plaintiff was unable to even attempt to schedule said depo until December due to delays in the discovery of the CCTV video and other pertinent records. Plaintiff has sought since mid-December to schedule the corporate representative for Walmart. In response to our request for the Corporate Rep depo, the Defendant WALMART has objected to almost every single area of inquiry. Plaintiff is being prevented from obtaining relevant discovery in this matter that is necessary for the prosecution in this case and needs more time to pursue this discovery. For example purposes, the Defendant objects to the following area of inquires as being overbroad and/or vague:

- Information concerning the circumstances surrounding the relevant slip and fall that occurred on December 24, 2016 at or about 7:42:13 AM
- Information concerning each and every WAL-MART employee that walked through the Vestibule area within four (4) hours prior to the relevant slip and fall until an hour after the relevant slip and fall
- Information concerning WAL-MART employees who had a duty within four (4) hours prior to the relevant slip and fall to inspect the Vestibule area;
- Information concerning the interrogatory and request for production responses and produced materials by WAL-MART;
- Knowledge and information concerning any employee having knowledge of the Vestibule area within four hours prior to the slip and fall that occurred on December 24, 2016 at or about 7:42:13 AM;

- Information concerning the preservation of CCTV video;

In addition, the Defendant in this case has more than likely spoiled highly relevant pieces of evidence and has significantly delayed the discovery process. For example, there are video angles that would have shown the Walmart greeter standing for the hour prior to the relevant fall with an unobstructed view of where Plaintiff fell.

The Defendant should have produced CCTV as early as with its initial disclosures and no later than October 26, 2018, which is 30 days after Plaintiff's request for the CCTV video.

Plaintiff's counsel has been extremely diligent in attempting to meet the court's scheduling order [DE 7]. For example, the Plaintiff counsel's November was filled with grief and joy. First, his father-in-law passed, then two weeks later, his dog unexpectedly passed, and then two weeks later got married. These events were not singular events but stretched the entire month of November. Nevertheless, on both the day of—and day after—the passing of his father-in-law, counsel continued to file motions within 24 hours of not receiving the video production, email opposing counsel about the same, and scheduling Rule 7.1 conferences due to the fact that discovery is set to end in mid-February. Despite significant hardship, as well as taking the reasonable time to get married and go on a mini-moon, Plaintiff's counsel has continued to move forward at the fastest pace possible (regardless of *any* other circumstances).

The Sixth Circuit has held that "[t]he primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." *Inge v. Rock Financial Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) (internal citations omitted); *See also Sosa v. Airprint Systems, Inc.*, 133 F.3d 1417 (11th Cir. 1998). Courts "should also consider possible prejudice to the party opposing the modification." *Andretti v. Borla Performance Industries, Inc.*, 426 F.3d 824, 830 (6th Cir. 2005). Good cause exists in

this instance because Plaintiffs have diligently pursued discovery and Defendants will not be prejudiced by the modification.

Plaintiffs have exercised diligence in pursuing discovery relating to this very important CCTV video evidence, as well as relevant witness by propounding interrogatories, requests for production, and requests for admissions upon Defendant. The bulk of Plaintiffs' discovery to date has focused on fact witnesses and request for production of CCTV video that would evidence where the foreign transitory substance came from, whether other Walmart employees should be named co-defendants, and unfortunately whether Walmart has complied with its requirements to preserve evidence. In fact, because of the Defendant's delay, Plaintiff could not even file a Motion in good faith to extend the time before the deadline to add additional parties as such information is still not available to the Plaintiff. *See TOPS SALES & SERVICES, INC. v. City of Forest Park*, Civil Action No. 1: 09-cv-0442-RWS (N.D. Ga. Dec. 7, 2010).

The information received from the Defendant seems to indicate that evidence has been withheld for months, that other evidence has been improperly destroyed, and that Plaintiff is likely going to need additional interrogatories and request for admissions before Plaintiff can even determine which people to depose or where to find them.

This process has consumed much more time and effort than Plaintiff anticipated because the Defendant has delayed producing discovery by objecting to producing the video until after Plaintiff's deposition in order to obtain an unfair advantage in this case but also to delay discover (and then later withdrawing its objections because the case law provides that their objections were improper). The Defendant has also claimed that additional video doesn't exist only to finally produce additional video on December 11, 2018 that was always in the possession,

custody, and control of Walmart and its employees (*i.e.* an employee cell phone whom had access to the CCTV video).

Plaintiff has been in a very tough position with the current court deadlines. On the one hand, Plaintiff could attempt to depose an entire list of persons provided in the interrogatories, even though Plaintiff does not know who they are in the video that has been produced in the last month.[1] On the other hand, Plaintiff could depose them only to find out more complete information was necessary before Plaintiffs could conduct depositions (which is exactly what has happened in this case) and proceed with other aspects of discovery.

Progress in discovery has also been slowed by Defendants' delay in meeting discovery requirements. In addition, the Joint Discovery Plan [DE 9] provided for an additional six (6) months of discovery, and still believed to be extremely necessary in this case to provide sufficient due process in this case. That Joint Discovery Plan [DE 9] was not adopted by this Court.

Defendant's production of all video in this matter was due October 26, 2018. Despite repeated inquiries by Plaintiffs' counsel, and bad faith objections, Defendants did not provide their initial video until November 13, 2018, and additional video in Defendant's possession, custody, and/or control on December 11, 2018 at 10:55 PM.

Even Plaintiff's Motion to Compel has been delayed when Defendant filed a Motion [DE 18] to enlarge the time to respond to Plaintiff's Second Motion to Compel Discovery [DE 14]. In fact, the Defendant's counsel admitted in its Motion [DE 18] that part of the purpose was to find out if additional footage exists—it did.

---

[1] Notably none of the persons named in Defendant's employees believed to be listed on the privilege log and in its Response to Plaintiff's interrogatories were listed on its initial disclosures, further delaying this case.

**Page 7 of 12**

Despite her demonstrated diligence, Plaintiff will need additional time to compile the information this case requires, particularly as additional discovery is needed to connect interrogatory answers with video footage so that Plaintiff doesn't need a scorched earth deposition schedule—wasting both parties time and resources. Such a scorched earth method of scheduling depositions based on the presently available information would be extremely wasteful and worse may result in the need for further follow-up depositions. All of which could be avoided by continuing the present Trial Schedule.

Plaintiff believes that realistic planning requires a minimum of a three month extension of the fact discovery deadline and a corresponding extension of the other deadlines listed in the preliminary pretrial order.

Defendant WALMART will not be prejudiced by a modification of the preliminary pretrial order, but the Defendant will be unfairly advantaged should the present trial schedule remain intact.

In fact, the original proposed Joint Scheduling Order evidenced agreement that additional time was necessary in this case as the majority of the deadlines in this case were agreed to be set six months longer than this Court's Order. *Compare* [DE 9] *with* [DE 7].

In addition, Plaintiff's counsel was scheduled for a mini-moon at the end of December and a honeymoon for the second half of May. Having never traveled to Europe and a once-in-a-lifetime honeymoon, Plaintiff's counsel does not want to cut his honeymoon short with the impending trial date.

Defendants will not be prejudiced by Plaintiffs' proposal, however, both the Plaintiff and Plaintiff's counsel will continue to be severely prejudiced should the court not continue the current deadlines in this case. There is no possibility that Plaintiff could have—or will—be able

to fully discover all of the relevant information needed for trial based on the current trial schedule.

Given the need for thorough fact development in this case, depositions including the Defendant's deposition (which will likely lead to other fact discovery), Plaintiffs' diligence in pursuing discovery, and the absence of prejudice to the parties, good cause exists for a modification of this Court's scheduling order, as well as the secondary needs of Plaintiff's counsel in this case. Therefore, Plaintiffs' motion to modify the scheduling order should be granted.

**WHEREFORE**, Plaintiff respectfully requests this Court enter an Order by January 16, 2019 with either the following schedule, or preferably as provided in the Joint Scheduling Order [DE 9]:

| | |
|---|---|
| Deadline to join additional parties or to amend pleadings | March 18, 2019 |
| Deadline to complete all discovery (including expert discovery) | May 14, 2019 |
| Deadline for filing of all motions for summary judgment | May 28, 2019 |
| Deadline for the filing of pretrial motions (including motions *in limine* and *Daubert* motions) | July 10, 2019 |
| Mediation to be completed no later than: | July 10, 2019 |
| Plaintiff's witness and exhibit lists: | August 22, 2019 |
| Defendant's witness and exhibit lists: | August 24, 2019 |
| Pretrial stipulations to be filed by: | August 28, 2019 |
| Calendar Call | September ** |
| Two week trial period | September ** |

## **LOCAL RULE 7.1 CERTIFICATE**

Undersigned counsel hereby certifies that counsel for the movant has conferred with all parties who may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in the motion and has been unable to do so only because Plaintiff would not agree to file a Motion that stated, *inter alia*, that Walmart was diligent in discovery in this matter.  Furthermore, Counsel for movant has made reasonable efforts to confer with all parties who may be affected by the relief sought in the motion, which includes numerous back-and-forth drafts of this Motion including a draft sent of the Motion sent on December 19, 2018 at 11:08 PM and January 7, 2019 at 10:56 AM as well as a response from Defendant's counsel on January 7, 2019 at 6:49 PM stating "We tried to revise and provide you with a motion that we could agree to not oppose, but you have completely disregarded those efforts and this most recent version is once again rife with misrepresentations about Walmart.  As such, we oppose the motion."

## VERIFICATION

I, Matthew Sean Tucker, Esq., hereby swears that the factual information contained in this Motion is true and correct to the best of my knowledge and belief.

By: s/Matthew Sean Tucker
Matthew Sean Tucker
Florida Bar No. 90047

Dated: January 8, 2019

Respectfully submitted,

By: s/Matthew Sean Tucker
Matthew Sean Tucker
Florida Bar No. 90047
Tucker Law®
200 SE 6TH Street, Suite 405
Fort Lauderdale, FL 33301
Telephone: (954) 204-0444
Facsimile: (954) 358-4946
Matt@TuckerUp.com
*Attorney for Plaintiff(s)*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on January 8, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

By: s/Matthew Sean Tucker