IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:18-CV-61984-FAM

**POLLY BASSETT**,

    **Plaintiff,**

v.

**WAL-MART STORES EAST, L.P.**,

    **Defendant.**

**PLAINTIFF'S MEMORANDUM ADDRESSING THE RELEVANCY
OF MATTERS FOR EXAMINATION NUMBERS 16, 17, AND 30**

**COMES NOW**, the Plaintiff, POLLY BASSETT, by and through undersigned counsel, hereby files this Memorandum Addressing the Relevancy of Matters for Examination Numbers 16, 17, and 30, pursuant to the Court's Order [D.E. 30] entered on January 15, 2019, and, as grounds therefore, states as follows:

**MEMORANDUM**

**Examination Number 16**

The Defendant has denied knowledge relating to the source of the liquid in this case. The CCTV ("Camera 1") shows an employee (possibly the greeter) walk through the Vestibule between 7:55:24 AM and 7:55:38 AM. At or about 7:55:36 AM, the employee in his bright yellow vest slowly checks out the scene of the fall as he walks through the Vestiuble, and subsequently looks up and back towards the roof just before going out of the view of the CCTV camera. A twenty-three second video of Camera 1 between 7:55:15 AM and 7:55:38 AM is provided herewith as Exhibit 1. The evidence contained in Exhibit 1 suggests that the evidence may lead to Walmart's

knowledge of a roof leak. Accordingly, Number 16 seeks Walmart's knowledge of leaks in the Vestibule roof before, during, and after the slip and fall of the Plaintiff.

**Examination Number 17**

The Defendant has failed to-date to advise the undersigned one way or the other whether Walmart had a roof leak and/or whether the roof was fixed in a time period that relates to this case. Accordingly, Plaintiff is seeking to discover whether the roof was leaking in light of the employee's actions contained in Exhibit 1.

The counsel for Plaintiff is in a lawsuit involving a roof leak at another Wal-Mart location for WAL-MART STORES EAST, L.P. The counsel has obtained agreements with Cedar Cove Inc and Low-Slope Solutions LLC as the two companies that are contracted with WAL-MART STTORES EAST, L.P., although, of course, additional or alternative companies may be contracted for this store location. Therefore, Number 17 seeks to determine whether repairs were made to the roof to uncover either or both of (1) the source of the liquid; and (2) Walmart's knowledge.

**Examination Number 30**

On January 9, 2017, Plaintiff sent a preservation letter relating to the fall on Christmas Eve day, December 24, 2017. The preservation letter demanded that Walmart should take steps to preserve all ESI, and even advised that Walmart should anticipate that its employees may attempt to hide, destroy, or alter ESI. *See* Exhibit 2. That appears to be exactly what has happened here.

Walmart admitted that the Vestibule contained at least four video cameras. *See* Exhibit 3, ¶ 5. Yet only one (1) of the four (4) CCTV video camera angles was preserved for the hour before and the hour after the fall. Notably, as can be seen in Exhibit 1, Walmart preserved the camera angle that points away from the store where the greeter stands and where employees frequently walk by.

Walmart knew that the cameras pointing in towards the store was relevant evidence because an employee—with access to the recordings—recorded video on their cell phone.

First, the video from the cell phone is degraded and not the complete view of the CCTV video pointing towards the inside of the rest of store (hereafter "Camera 2"). *See* Exhibit 4. Notably, of the video saved on a cell phone of Camera 2, it all starts *after* Plaintiff's fall, thereby intentionally hiding evidence of the Defendant's knowledge of the substance on the ground. *Id.* Number 30 seeks to uncover the steps Walmart took to preserve the ESI and video evidence in this case, which appears to have been intentionally spoliated by Walmart.

Second, Camera 2 is closer to the fall and does not have the glare seen in Camera 1 because Camera 1 is pointed towards the outside/the sun. *See* Exhibit 1 (The glare can be seen in this Exhibit). Because Camera 2 is closer to the fall, it would have given a different view of the substance on the ground without the glare. *Compare* Exhibit 1 from Exhibit 4. Yet further, a properly preserved video from Camera 2 would have shown both the substance on the ground and the employees in the store walking by and/or standing nearby during the hour before the fall. The cell phone video produced from Camera 2 lacks both (1) the quality of the original video; and (2) the time period prior to the fall extending to the fall. Therefore, Plaintiff should be entitled to discover whether Walmart failed to take steps to preserver highly relevant evidence and seek remedies for Walmart's spoliation of said evidence. In turn, Plaintiff first seeks to uncover the steps Walmart took to preserve the CCTV video in this case, which includes Walmart's steps to preserve ESI and evidence in this matter.

**WHEREFORE**, the Plaintiff, POLLY BASSETT, respectfully requests that the Court allow Plaintiff to proceed forward on Questions 16, 17, and 30.

## LOCAL RULE 7.1 CERTIFICATE

Undersigned counsel hereby certifies that counsel for the movant has conferred with all parties who may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in the motion and has been unable to do so, including having a meet and confer with the Defendant's counsel on January 15, 2019 at 3:48 PM.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on January 15, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

By: s/Matthew Sean Tucker

**Service List:**
**Annalisa Gutierrez, Esq.**
**Gilda M. Chavez, Esq.**
**Jerry D. Hamilton, Esq.**
Hamilton, Miller & Birthisel, LLP
150 Southeast Second Avenue, Suite 1200
Miami, FL 33131
agutierrez@hamiltonmillerlaw.com
gchavez@hamiltonmillerlaw.com
jhamilton@hamiltonmillerlaw.com

Dated: January 15, 2019

Respectfully submitted,

By: s/Matthew Sean Tucker
Matthew Sean Tucker
Florida Bar No. 90047
Tucker Law®
200 SE 6TH Street, Suite 405
Fort Lauderdale, FL 33301
Telephone: (954) 204-0444
Facsimile: (954) 358-4946
Matt@TuckerUp.com
*Attorney for Plaintiff(s)*