UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:18-61984-CIV-MORENO/SELTZER

POLLY BASSETT,

    Plaintiff,

v.

WAL-MART STORES EAST, LP

    Defendant.

_____/

**DEFENDANT'S REPLY BRIEF IN FURTHER SUPPORT OF ITS MOTION FOR PROTECTIVE ORDER REQUESTING A BRIEF POSTPONEMENT OF THE VIDEOTAPED DEPOSITION DUCES TECUM OF THE ORGANIZATION REPRESENTATIVE**

Defendant WALMART STORES EAST, LP ("Walmart"), by and through undersigned counsel and pursuant the relevant Federal Rules of Civil Procedure, hereby serves its Reply Brief in Further Support of Its Motion for Protective Order Requesting a Brief Postponement of the Videotaped Deposition Duces Tecum of the Organization Representative ("Motion")(ECF No. 37), and in support thereof states as follows:

**Preliminary Statement**

This Court should grant Walmart's Motion seeking a brief postponement of the deposition duces tecum of the corporate representative to allow for a reasonable time for Walmart to comply with this Court's Order dated this past Friday, January 18, 2019. As set forth in its Motion, despite diligent efforts, Walmart has had insufficient time to investigate and prepare for its corporate representative to

testify regarding any leaks and repairs to the roof above the store's vestibule for the six months before and six months after the subject incident as required by this Court's Order. (ECF No. 36). Because Plaintiff's initial request was overbroad and not properly limited in time or scope as it requested an unreasonable period of four years, Walmart had to await a Court order to resolve the dispute before engaging in the efforts necessary to locate and evaluate such a request for records spanning years. Now that the request has been limited to six months before and six months after the incident by the Court, Walmart will require at least seven (7) business days to gather the requested information and seeks an Order postponing the deposition of January 23, 2019. Walmart has already confirmed the corporate representative availability and offered to Plaintiff to reschedule the deposition for either January 30th or 31st.

In this Reply Walmart will also rebut the numerous misrepresentations contained within Plaintiff's Response (ECF No. 38) so that the Court may have a true and correct record before it.

> **A. Walmart has had insufficient time to investigate and prepare to testify regarding leaks and repairs to the roof above the store's vestibule.**

Walmart's request for a brief postponement of the deposition of the corporate representative to allow sufficient time to gather the information necessary to respond to Matters for Examination 16 and 17 in accordance with the Order entered

2

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

on Friday, January 18, 2019 is reasonable.  A brief synopsis of the relevant facts shows that Walmart has acted reasonably and timely.

On December 18, 2018, Plaintiff served her Notice of Deposition identifying forty-four (44) Matters for Examination and nine (9) duces tecum requests.  Despite there being forty-four requests, Walmart worked diligently in the holiday season to promptly serve objections to the areas of inquiry within five days, on December 23, 2018, so that Plaintiff could be aware of the objections Walmart hard and the parties could confer before the deposition.  On December 27, 2018, Plaintiff's counsel emailed counsel for Walmart and threatened to file a motion for sanctions if Walmart filed or did anything on the case over the holidays as he planned on being out of the jurisdiction for his honeymoon.  No motions were filed over the holidays. On January 11, 2019, after conducting a good faith conference with Plaintiff's counsel on the forty-four areas of inquiry, Walmart filed its motion for protective order (ECF No. 26).  On January 15, 2019, this Court overruled Walmart's objections regarding timeliness with respect to the duces tecum requests only. (ECF No. 30). Said Order gave Plaintiff the opportunity to explain "the relevance and proportionality to the needs of the case" for matters for examination 16 and 17 relating the roof leaks and roof repairs.  *Id.*  On January 15th when the Order was entered, Walmart had no duty to investigate leaks and repairs to the roof as its objections were pending.  Plaintiff's response argued the "relevance" of the information sought, but did not address the broad scope of time. (ECF No. 31).

Notably, Plaintiff's requests sought a minimum of four (4) years of information given that this subject incident occurred on December 24, 2016. This broad request posed an undue burden on Walmart.

Walmart's duty to investigate and prepare its corporate representative for leaks and repairs arose on January 18th when this Court ruled on Walmart's Motion for Protective Order as to Matters for Examination 16 and 17 and limited the scope of discovery regarding leaks and roof repairs to six months before the incident and six months after the incident. (ECF No. 36). Defense counsel immediately advised Walmart of the Court's Order addressing the scope of discovery regarding leaks and roof repairs. Notwithstanding its diligence in complying with the Court's Order, Walmart will need at least seven (7) business days to search the information and to properly respond. Thus, Walmart seeks an Order permitting a brief postponement of the deposition of January 23, 2019 to either January 30th or 31st.

**B. Walmart has provided has timely responded to discovery.**

Walmart is cognizant of the discovery cut-off of February 14, 2019 and has fully complied with Plaintiff's discovery requests. Plaintiff's complaints that Walmart has not identified some of the associates seen in the CCTV footage is nothing more than rehashing the arguments of her Expedited Motion to Compel Better Responses to Discovery, which was promptly denied by this court. (ECF No. 34). As the Court correctly noted on January 18, 2019 Interrogatory No. 8 only required that Walmart provide the names of associates with knowledge of Plaintiff's

incident. (ECF No. 35).  After this Court denied Plaintiff's Motion, Plaintiff served without leave of court, her Second Slip and Fall Interrogatories[1] seeking, in part, the names and addresses of the associates who walked through the store's vestibule. Despite the fact that the Interrogatories are untimely and exceed the limits of the Federal Rules of Civil Procedure, today, Walmart identified, to the extent possible, the employees who appear in the CCTV footage.  This should eliminate any claims of prejudice by Plaintiff for the brief postponement of the deposition to January 30th or 31st.

Plaintiff also misrepresents Walmart's position to Plaintiff's request for an extension of the pre-trial deadlines.  As stated in Walmart's Response to Plaintiff's Verified Expedited Motion to Continue Pretrial Deadlines (ECF No. 29), Walmart did not oppose Plaintiff's request for extension of the pre-trial deadlines and in an effort to avoid unnecessary briefing with this Court, revised Plaintiff's draft Motion for Continuance so that it was fair to both parties.  Plaintiff rejected Walmart's offer and filed a motion rife with false and misleading representations in this case.  (ECF No. 25) forcing Walmart to file a Response in opposition solely to rebut the gross misrepresentations and correct the record (ECF No. 29).

In light of the fact that the Order limiting the Matters for Examination was entered on January 18, 2019 and Monday, January 21, 2019 was a holiday, Walmart could not have responded to this matter any sooner.  Thus, Walmart

---

[1] Said Interrogatories are untimely and exceed the limits set forth in the Federal Rules of Civil Procedure.

submits that a brief postponement to either January 30th or 31st to gather the requested information is reasonable and does not prejudice Plaintiff.

WHEREFORE, Defendant WAL-MART STORES EAST, LP, prays this Honorable Court grant the Walmart's Motion and any other relief deemed just and proper.

Respectfully submitted,

*/s/ Gilda M. Chavez*
Jerry D. Hamilton
Florida Bar No. 970700
jhamilton@hamiltonmillerlaw.com
Annalisa Gutierrez
Florida Bar No. 97940
agutierrez@hamiltonmillerlaw.com
Gilda M. Chavez
Florida Bar No. 973173
gchavez@hamiltonmillerlaw.com
HAMILTON, MILLER & BIRTHISEL, LLP
150 Southeast Second Avenue, Suite 1200
Miami, Florida 33131-2332
Telephone:   (305) 379-3686
Facsimile:    (305) 379-3690
***Attorneys for Wal-Mart Stores East, LP***

## CERTIFICATE OF SERVICE

**HEREBY CERTIFY** that on January 22, 2019, I certify that the foregoing is being served this day on all counsel of record or *pro se* parties identified on the following Service List.

*/s/ Gilda M. Chavez*
Gilda M. Chavez, Esq.

## SERVICE LIST

Matthew Sean Tucker
Tucker Law
200 SE 6th Street
Suite 405
Fort Lauderdale, Florida 33301
Matt@TuckerUp.com