UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:18-61984-CIV-MORENO/SELTZER

POLLY BASSETT,

    Plaintiff,

v.

WAL-MART STORES EAST, LP

    Defendant.

_____/

## WAL-MART STORES EAST, L.P.,'S
## MOTION TO MODIFY SCHEDULING ORDER AS TO DEADLINE FOR EXPERT DISCOVERY

Defendant, Wal-Mart Stores East, L.P., ("Walmart"), by and through its undersigned counsel, pursuant to Federal Rule of Civil Procedure 16(b) and the applicable rules of civil procedure, hereby files its Motion to Modify Scheduling Order as to Deadline for Expert Discovery solely, and in support thereof states as follows:

1.  This is a personal injury action wherein, Polly Bassett, ("Plaintiff"), filed a Complaint against Walmart alleging she slipped and fell at a Wal-Mart store located in Coral Springs, Florida. *See* Pl.'s Amended Complaint, ECF No. 3, ¶6-8.

2.  Plaintiff is seeking damages for bodily injuries and resulting pain and suffering, disability, mental anguish, disfigurement, humiliation, loss of capacity for the enjoyment of life and life's pleasures, lost wages, expense of hospitalization, medical and nursing care and treatment. *Id.* at ¶27.

CASE NO.: 0:18-61984-CIV-MORENO/SELTZER

3. Pursuant to this Court's Scheduling Order entered into on September 27, 2018, the deadline to complete all discovery, including expert discovery, is February 14, 2019. (ECF No. 7).

4. The Court's Scheduling Order does not set forth a deadline for expert witness disclosures. Because there is no deadline for expert disclosures in the Court's Scheduling Order, Federal Rule of Civil Procedure 26 applies as to the timing for disclosures.

5. Under Rule 26's duty to disclose, expert disclosures are to be made as follows:

> (D) Time to Disclose Expert Testimony. A party must make these disclosures at the times and in the sequence that the court orders. Absent a stipulation or a court order, the disclosures must be made:
>
> (i) at least 90 days before the date set for trial or for the case to be ready for trial; or
>
> (ii) if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C), within 30 days after the other party's disclosure.

6. Trial in this matter is set for the two week period commencing June 10, 2019. (ECF No. 7).

7. As such, expert disclosures are due in this case on March 12, 2019, which is after the expert discovery deadline.

8. Accordingly, the undersigned respectfully requests this Honorable Court enter an Order modifying this Court's Scheduling Order to extend the deadline solely for <u>expert</u> discovery to April 11, 2019, which would allow the parties

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131 · TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

30 days to conduct any expert discovery and potentially depose any experts that may be disclosed in compliance with Rule 26 on March 12, 2019.

9. Neither bad faith nor prejudice exists here as the Walmart has acted with urgency and diligence in filing in the instant Motion prior to the expiration of the discovery deadline, prior to the deadline for expert witness disclosures, and prior to the deadline for filing pretrial motions including motions in limine and *Daubert* motions.

10. Additionally, the relief sought will not disturb any of the other deadlines contained in this Court's Scheduling Order.

11. Federal Rule of Civil Procedure 16(b)(4) allows a scheduling order to be modified for good cause with the judge's consent. Here, good cause exists to modify the Court's Scheduling Order to allow the parties opportunity to conduct expert discovery and/or expert depositions following the expert witness disclosure deadline of March 12, 2019. This will permit the parties to obtain the essential and necessary testimony and/or documents needed to adequately evaluate the potential for, and if viable prepare, any *Daubert* motions or Motions in Limine in this case by the deadline for such motions of April 10, 2019. *See* ECF No. 7. Permitting the modification would provide for greater judicial economy by allowing the parties to adequately address and potentially resolve any issues relating to experts prior to trial in this matter. *See State Farm Mut. Auto. Ins. Co. v. Romano*, 2013 WL 12061865, at *1 (S.D. Fla. 2013) (discussing that "[t]he purpose of an *in limine* motion is to aid the trial process by enabling the court to rule in advance of trial on

3

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131 · TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial."); *U.S. v. Cook*, 608 F .2d 1175, 1186 (9th Cir. 1979), *overruled on other grounds as recognized in U.S. v, Bagley*, 765 F.2d 836, 849 (9th Cir. 1985)(Federal Courts have recognized the use of motions in limine as "[t]hey save jury time, and avoid the waste that sometimes results from haste when side-bar matters have to be urged in the course of the trial.").

## MEMORANDUM OF LAW

Federal Rule of Civil Procedure 16(b) governs the issuance of scheduling orders. A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). To establish good cause a party must show "the schedule cannot be met despite the diligence of the party seeking the extension. *Sosa v. Airprint Sys., Inc.* 133 F.3d 1417, 1419 (11th Cir. 1998); *Payne v. C.R. Bard, Inc.,* 606 Fed. Appx. 940 (11th Cir. 2015); *Donahay v. Palm Beach Tours & Transp., Inc.,* 243 F.R.D. 697, 699 (S.D. Fla. 2007) (stating a scheduling order may be modified only upon a showing of good cause).

The good cause standard required to modify a scheduling order precludes modification unless the schedule "cannot be met despite the diligence of the party seeking the extension." *Sosa,* 133 F. 3d at 1419 (citing Fed. R. Civ. P. 16 advisory committee's notes); *see also Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 609 (9th Cir.1992) ("If [a] party was not diligent, the [good cause] inquiry should end."). In short, diligence is the key to satisfying the good cause requirement. *See*

*Sosa,* 133 F.3d at 1419; *see also Esys Latin Am., Inc. v. Intel Corp.,* 290 F.R.D. 563, 564 (S.D. Fla. 2013) (discussing the scheduling order set by the court will control the course of the action unless the schedule is later modified by court order upon a showing of good cause); *Lord v. Fairway Elec., Corp.,* 223 F. Supp. 2d 1270, 1277 (M.D. Fla. 2002) (same).

Walmart has at all times exercised diligence in seeking the requested relief prior to the deadline of March 12, 2019, for expert witness disclosures, and prior to the deadline of April 10, 2019 for *Daubert* motions and motions in limine. Good cause exists to modify the Court's Scheduling Order as Walmart will be unable to meaningfully conduct expert discovery and/or depositions until after the March 12, 2019, deadline for expert witness disclosures—at which point the expert discovery deadline under the current scheduling order would have already passed.

Neither bad faith nor prejudice exists here as the extension of expert discovery will allow both parties an equal opportunity to evaluate expert reports and seek expert testimony, if needed, before trial. Walmart has exhibited diligence in discussing the matter with opposing counsel and filing in the instant Motion prior to the expiration of the deadlines for expert witness disclosures as well as *Daubert* motions and motions in limine.

Additionally, the relief sought will not disturb any of the other deadlines contained in this Court's Scheduling Order. Walmart makes this request in good faith with no intention of delaying the proceedings in this matter. But rather in pursuit of obtaining sufficient time to adequately prepare any potential *Daubert*

motion or Motions in Limine after review of expert witness disclosures and any deposition it may deem necessary following same, which will aid in preventing lengthy argument at trial and/or the introduction at trial of potentially damaging evidence affecting the fairness of the proceedings. *See Stewart v. Hooters of Am., Inc.,* 2007 WL 1752843, at *1 (M.D. Fla. 2007)(The purpose of a motion in limine is to give the trial judge notice of the movant's position so as to avoid the introduction of damaging evidence which may irretrievably affect the fairness of the trial.).

### Local Rule 7.1.(a)(3) Compliance

Pursuant to Local Rule 7.1(a)(3), I hereby certify that counsel for the movant has conferred with Plaintiff's counsel, Matthew Tucker., who has advised he will not agree to any extensions in this case.

**WHEREFORE**, Defendant, Wal-Mart Stores East, L.P., moves the Court for the entry of an Order granting the instant Motion to Modify Scheduling Order and execute the attached Proposed Scheduling Order attached setting the deadline for expert discovery to April 11, 2019, and any other relief this Court deems just and proper.

**Dated: February 14, 2019**

*[Signature and Certificate of Service on Following Page]*

CASE NO.: 0:18-61984-CIV-MORENO/SELTZER

Respectfully submitted,

*/s/ Annalisa Gutierrez*
Jerry D. Hamilton
Florida Bar No. 970700
jhamilton@hamiltonmillerlaw.com
Annalisa Gutierrez
Florida Bar No. 97940
agutierrez@hamiltonmillerlaw.com
Gilda M. Chavez
Florida Bar No. 973173
gchavez@hamiltonmillerlaw.com
HAMILTON, MILLER & BIRTHISEL, LLP
150 Southeast Second Avenue, Suite 1200
Miami, Florida 33131-2332
Telephone: (305) 379-3686
Facsimile: (305) 379-3690
***Attorneys for Wal-Mart Stores East, LP***

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on February 14, 2019, I electronically filed the foregoing document with the Clerk of the court using the E-Filing Portal. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List by electronic mail.

*/s/ Annalisa Gutierrez*
Annalisa Gutierrez

## SERVICE LIST

Matthew Sean Tucker
Tucker Law
200 SE 6th Street
Suite 405
Fort Lauderdale, Florida 33301
Matt@TuckerUp.com