UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:18-61984-CIV-MORENO/SELTZER

POLLY BASSETT,

     Plaintiff,

v.

WAL-MART STORES EAST, LP

     Defendant.

_____/

## WAL-MART STORES EAST, LP'S MOTION FOR SUMMARY JUDGMENT ON MEDICAL CAUSATION

WAL-MART STORES EAST, LP ("Walmart") by and through the undersigned, and pursuant to Federal Rule of Civil Procedure 56, moves this Court for summary judgment because Plaintiff, POLLY BASSETT ("Plaintiff") has failed to prove medical causation.

### I.     PRELIMINARY STATEMENT

This is a premises liability case where Plaintiff alleges she sustained injuries when she slipped and fell on a transitory substance at a Walmart store in Broward County, Florida. Plaintiff is claiming multiple injuries including her right knee, back[1], right shoulder, right elbow, right hip, right leg, and pain and suffering. Plaintiff sought medical treatment from various physicians who prescribed physical therapy, diagnostic testing, medications and right knee surgery. Plaintiff's claims are for non-obvious injuries, and involve technical and scientific issues beyond the understanding of a lay person. Rivera v. Royal Caribbean Cruises, Ltd., 711 Fed. Appx. 952, 954 (11th Cir. 2017). In order to prevail on her negligence case, Plaintiff must

---

[1]    Notably, Plaintiff's Answers to Interrogatories fail to identify she is claiming a back injury and her deposition testimony also omitted any back injury. Plaintiff further indicated to defense medical expert, Dr. Simon, that she does not have back pain.

prove medical causation—which can only be established by a medical expert.  See *Muzaffarr v. Ross Dress for Less, Inc.*, No. 12-61996, 2013 WL 3850848, at *1 (S.D. Fla. July 26, 2013). Opinions as to the cause of injuries which are not readily observable are hypotheses which require a full Rule 26 report.  Treating physicians who do not provide a full report satisfying the requirements of Rule 26(a)(2)(B) cannot offer opinions beyond matters observed during the course of treatment and cannot offer opinions on causation, prognosis and future implications of the injuries. *Id.* In other words, Plaintiff cannot back door expert testimony through the treating physicians to establish causation, prognosis and future care, which is precisely what Plaintiff seeks to do here.

Plaintiff has completely failed to comply with the disclosure requirements of the federal rules as she has not produced a written report satisfying the requirements of Rule 26(a)(2)(B) as necessary to render opinions on causation.  Because Plaintiff does not have any medical expert to opine on causation, summary judgment in favor of Walmart is proper.

## II.        STATEMENT OF MATERIAL FACTS

1.  Plaintiff's negligence claim against Walmart seeks damages arising from an alleged slip and fall in the vestibule of a Walmart store on December 24, 2016. *See* First Amended Complaint, ECF No. 3.  Plaintiff is claiming multiple injuries including her right knee, back, right shoulder, right elbow, right hip, right leg, and pain and suffering as a result of the slip and fall. *Id.* at ¶27.

2.  On January 14, 2019, Walmart served Expert Witness Request for Production on Plaintiff.  *See* Walmart's Expert Witness Request for Production attached as Exhibit "A."

3.  On February 28, 2019, Plaintiff served her Response to Defendant's Expert Witness Request for Production indicating she had "not retained or specially employed a witness to

**HAMILTON, MILLER & BIRTHISEL** LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

provide expert testimony in this case." *See* Plaintiff's Response to Defendant's Expert Request for Production attached as Exhibit "B" at ¶ 2. Plaintiff further stated that she would rely, if at all, on her treating physicians to testify as "hybrid" witnesses and indicated the facts and opinions are contained in the medical records produced in litigation. *See Id.* at ¶¶2-3.

4. On March 12, 2019, Plaintiff served her Rule 26 (a)(2)(C) where she relies on two treating physicians to support her claim of multiple injuries as a result of the subject incident. *See* Plaintiff's Rule 26 (a)(2)(C) attached hereto as Exhibit "C" ("Plaintiff's Expert Disclosure"). No expert reports, medical records, CVs showing the physicians' qualifications, list of cases where the treating physicians have testified, statements of compensation or other documentation accompanied Plaintiff's Expert Disclosure. *Id.* In her Expert Disclosure, Plaintiff takes the position that written reports are not required for treating physicians who testify as hybrid witnesses. *Id.* Plaintiff's Expert Disclosure indicates that Plaintiff's treating physicians will testify Plaintiff injured her right knee, back, right shoulder, right elbow, right hip, right leg as a result of the slip and fall. *Id.*

5. Plaintiff's Expert Disclosure identifies two treating physicians Dr. Andrew S. Ellowitz and Dr. Barry Goldsmith as hybrid witnesses who Plaintiff alleges do not need to provide a Rule 26(a)(2)(C) report and attempts to backdoor expert testimony through her treating physicians to establish causation, prognosis and future care. *Id.*

6. One of the main issues in this case is whether Plaintiff's neck, back, and right knee symptoms were caused by the alleged incident at Walmart particularly because Plaintiff has been involved in multiple accidents before and after the incident at issue where she has claimed the same injuries. Plaintiff was involved in a motor vehicle accident *before* the incident at issue where she allegedly sustained injuries to her back. Plaintiff was also involved in a motor vehicle

**HAMILTON, MILLER & BIRTHISEL** LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

accident *after* her slip and fall at Walmart where she alleges she injured her neck.  *See* Plaintiff's Amended Answers to Defendant's Interrogatories attached as Exhibit "D" at Nos. 15 and 16.

7.   The medical records of Plaintiff's treating physicians show Plaintiff experienced chronic pain in her knees and back before the Walmart incident.  Specifically, on November 20, 2014, before the subject incident, Plaintiff saw her treating physician, who noted, **"pain in knees and back, has been present for years."** (emphasis added)  *See* Medical Record of Wayne Fraser, M.D. attached as Exhibit "E."

8.   On September 23, 2016, a mere three months *before* the subject incident, Plaintiff underwent X-rays of both knees due to pain in both knees.  *See* Radiology Report of Dr. Gerard Schmidt, Exhibit "F."    Plaintiff was diagnosed with mild degenerative changes of the medial compartment, and moderate degenerative changes to the patellofemoral compartment of the right knee. *Id.*  Similarly, Plaintiff's left knee was diagnosed with moderate degenerative changes of the patellofemoral compartment.  *Id.*

9.   Probably the most telling records are those of Dr. Barry Goldsmith which show Plaintiff consistently complained of pain in her neck, shoulders and low back before and after the incident which is the subject of this lawsuit.  *See* Composite Exhibit "G."

10. Interestingly, Plaintiff sought care from Dr. Goldsmith on December 28, 2016 following the Walmart incident and his initial record shows a motor vehicle accident was the cause of the symptoms in her neck, back, right elbow, right knee, trapezius area, and bilateral hips and right leg radiculopathy.  *See* Dr. Goldsmith's medical record dated December 28, 2016 attached as Exhibit "H."  On March 11, 2019, one day after Dr. Goldsmith submitted his medical records to Plaintiff's counsel, he drafted an addendum to correct a "typographical error" and changed the

initial report to reflect Plaintiff's symptoms were caused by the slip and fall incident.   See Addendum to Initial Report dated March 12, 2019 attached as Exhibit "I."

11. Notwithstanding the above mentioned medical records, Plaintiff repeatedly testified under oath that she did not suffer pain to either knee before her slip and fall at Walmart.

> Q. Before your incident at Walmart, did you ever have pain in your left knee?
> A. No.
> Q. No?
> A. No.
> Q. Before your incident at Walmart, did you ever have pain in your right knee?
> A. No

*See*  Plaintiff's Deposition attached as Exhibit "J" at 170:13-20.

12. None of the medical records of Drs. Ellowitz or Goldsmith show that they needed to determine the cause of Plaintiff's alleged injuries to render treatment and there is no evidence that the injuries were readily observable. Further, there is no evidence that Dr. Ellowitz reviewed any pre-incident medical records or diagnostic films in order to be able to render a proper opinion on causation.

13. The deadline for the service of Expert Witness Disclosure was March 12, 2019.  *See* ECF No. 62.  The discovery deadline was March 15, 2019.  *Id.*

14.  Aside from the two treating physicians listed in Plaintiff's Expert Witness Disclosure, Plaintiff has failed to offer any other admissible expert testimony as to the cause of her injuries.

### III.          MEMORANDUM OF LAW

**A.  Standard on Summary Judgment.**

Summary judgment is appropriate only "if the movant shows that there is no genuine issue as to material fact and the movant is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(a), *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The movant may either 1)

**HAMILTON, MILLER & BIRTHISEL** LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

point out an absence of evidence to support the non-moving party's case, or, 2) provide "affirmative evidence demonstrating that the non-moving party will be unable to prove its case at trial." *U.S. v. Four Parcels of Real. Prop. In Green & Tuscaloosa Cntys. in  State of Ala*. 941 F.2d 1428, 1438 (11th Cir. 1991) (citing *Celotex Corp.*, 477 U.S. at 325).   "The burden then shifts to the non-moving party, who must go beyond the pleadings and present the affirmative evidence to show that a genuine issue of material fact exists." *Porter v. Ray*, 461 D. 3d 1315, 1320 (11th Cir. 2006) (citing *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115-17 (11th Cir. 1993)).

"The Court must view the evidence and all reasonable inferences drawn from the evidence in the light most favorable to the non-movant." *Battle v. Bd. of Regents*, 468 F.3d 755, 759 (11th Cir. 2006).   However, "[a] court need not permit a case to go to a jury…when inferences that are drawn from the evidence, and upon which the non-movant relies, are "implausible." *Mize v. Jefferson City Bd. of Educ.*, 93 F.3d 739, 743 (11th Cir. 1996).

**B.  A Full Written Rule 26(a)(2)(B) Report Is Required For Treating Physicians To Opine on Causation. Plaintiff Has Failed to Comply With The Disclosure Requirements of Rule 26(a)(2)(B) and Thus Cannot Have Her Treating Physicians Opine on Causation.**

One of the main issues in this case is whether Plaintiff's injury was pre-existing or whether it was caused by the incident alleged to have occurred in the subject store.  Florida law is clear that without expert testimony on medical causation, Plaintiff cannot prove her negligence case. *Rivera, supra,* 711 Fed. Appx. 952, 954 (11th Cir. 2017). *See e.g. Jones v. Disc. Auto Parts, LLC*, no. 16-cv-138-Orl-37KRS, 2017 WL 1396477, at * 21 (M.D. Fla. April 19, 2017). Expert testimony regarding medical causation is required where the injury is beyond the common knowledge and experience of a lay person. *Kellner v. NCL (Bahamas) Ltd.*, Case No.

**HAMILTON, MILLER & BIRTHISEL** LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

15-23002-CIV-ALTONAGA/O'Sullivan, 2016 WL 4440510, at *1(S.D. Fla. Aug. 22, 2016); *see also Rafflo v. Gymboree Retails Stores, Inc.*, No. 8:12-cv-1652-T-30TGW, 2013 WL 3770844, at *3 n.1 (M.D. Fla. July 19, 2013) (granting summary judgment against tort claims and reasoning that it was "unclear how plaintiffs could possibly prove medical causation without any medical expert" when plaintiffs "did not disclose any experts during the necessary time period.").  Rule 26(a)(2)(B) requires experts to disclose complete statements of all opinions and the basis/reasons for them; the facts or data considered in forming the opinions; any exhibits that will be used to summarize or support the opinions; the witness' qualifications and publications; a list of cases in which the expert has testified in the last 4 years; and a statement of the compensation for the study and testimony in the case. Fed. R. Civ. P. 26(a)(2)(B).

Plaintiff opted to not retain medical experts to opine on causation or to comply with the disclosure requirements of Rule 26.   A plaintiff seeking to avoid producing full written reports bears the burden of showing written reports are not required. *In re Denture Cream Products Liability Litigation*, No. 09-2051-Altonaga, 2012 U.S. Dist. LEXIS 152277 at *33 (S.D. Fla. Oct. 22, 2012).  The determination of whether a written report is required turns on substance and the label of "treating physician" is irrelevant.  *Id.* at *33-34.   Summarily concluding, as Plaintiff does here, that a full written report is not required for treating physicians is insufficient.  *Id.* at 35.  Opinions regarding causation necessarily go beyond the opinions arising from treatment and as such, require full Rule 26(a)(2)(B) written reports. *Id.* at 35-36.  In *Muzaffarr*, the court held, "when testimony of the treating physician or provider ventures beyond matters [such as *observations* made during the course of treatment] and includes opinions on causation, prognosis and future implications of the injury, then [the treating physician]

7

must provide a full report satisfying the requirements of [Rule] 26(a)(2)(B)." *Muzaffarr, supra,* 2013 WL 3850848, at *1.

Exclusion of causation testimony is supported by the Eleventh Circuit precedent striking a treating physician's causation testimony where no Rule 26(a)(2)(B) report was submitted and the treating physician did not need to determine the cause of the plaintiff's injury to render treatment.   In *US v. Henderson* 409 F.3d 1293, 1300 (11th Cir. Fla. 2005) (citing *Davoll v. Webb,* 194 F.3d 1116 (10th Cir. 1999)*,* the court held that treating physicians who testify about observations based on personal knowledge including the treatment are not considered expert witnesses.  The court explained that "Dr. Scott did not need to determine how Grant was injured to treat him in this case . . . . Her diagnosis of the injury itself, that Grant's jaw was fractured, would be permissible lay testimony, but her statement about the cause of the injury was, as she admitted, a 'hypothesis.' And the ability to answer hypothetical questions is '[t]he essential difference' between expert and lay witnesses." *Id.* at 1300 (citations omitted). The Eleventh Circuit further noted, "[i]n this case, it is certainly arguable that although Dr. Scott was the treating physician, her opinion regarding the cause of Grant's injuries was not helpful to a clear understanding of her decision making process, nor did it pertain to Grant's treatment. *Dr. Scott did not need to determine how Grant was injured to treat him in this case."*) (citations omitted) (emphasis added); *Wilson v. Taser Intern., Inc*., 303 Fed. Appx. 708, 712 (11th Cir. 2008)(holding that opinions regarding the cause of the Plaintiff's injuries "was not needed to explain his decision making process, nor did it pertain to [the plaintiff's] treatment" and therefore constituted an expert opinion subject to *Daubert*).

As the Eleventh Circuit in *Williams v. Mast Biosurgery U.S.A., Inc.,* 644 F.3d 1318 (11th Cir. 2011), duly noted: "when a treating physician's testimony is based on a hypothesis, not the

**HAMILTON, MILLER & BIRTHISEL** LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

experience of treating the patient, it crosses the line from lay to expert testimony, and it must comply with the requirements of [the applicable rule governing experts] and the strictures of *Daubert*." *Id.* A treating physician is not an "expert" witness if he or she testifies about observations based on personal knowledge, including the treatment of a party. *See Principi v. Surviair, Inc.,* 231 F.R.D. 685, 692 (M.D. Fla. Oct. 18, 2005). As a fact witness, treating physicians must base their opinions on facts of which they have personal knowledge. *Phillips v. American Honda Motor Co., Inc.*, 438 F. Supp. 2d 1328, 1330 (S.D. Ala. 2006).

In *Williams,* the Eleventh Circuit, relying on *Henderson* and *Davoll,* explained the distinction between lay and expert testimony in the context of physician testimony. The *Williams court* stated "[a] treating physician is not considered an expert witness if he or she testifies about observations based on personal knowledge, including the treatment of the party." *See Williams,* 644 F.3d at 1317–18 (citing *Henderson* and *Davoll*). The plaintiff, who filed a products liability action, challenged the lower court's ruling limiting the testimony of her treating physicians' respective opinions as to whether the SurgiWrap plastic that leaked into her body post-surgery was defective. *Id.* at 1316. The plaintiff alleged she suffered a perforated colon as a result of the SurgiWrap placed in her body which did not dissolve as expected, but rather became hardened shards of plastic. *Id.* at 1315. The court rejected the plaintiff's argument that it was necessary for the treating physician to identify the SurgiWrap substance and instead found her treating physicians' determination as to the identity of the substance ***was not critical to the decision to treat her***. *Id.* at 1318. The court found instructive the fact that "none of the physicians found it necessary to identify definitively the removed pieces . . . demonstrates that conclusive findings about its identity were not necessary to [the plaintiff's] treatment." *Id.*

A treating physician's determination of causation is unnecessary to provide medical

**HAMILTON, MILLER & BIRTHISEL** LLP

150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

treatment to Plaintiff and does not waive the requirement for furnishing an expert report. While simply testifying as to the physician's diagnosis of the injury is permissible lay testimony where contained in a medical record, an opinion as to the cause of an injury is a hypothesis—it is an expert opinion for which a full written report is required and which must be subject to a *Daubert* analysis. *Wilson*, 303 Fed. Appx at 712-13. This is particularly true, where here, there are multiple instances of prior complaints and prior diagnosed degenerative conditions which are necessary to arrive at a causation opinion in the first instance.

In sum, Plaintiff cannot backdoor expert testimony through her treating physicians regarding causation, and therefore cannot make any argument as to causation, because Plaintiff failed provide expert disclosures required by rules of procedure. *See, Muzaffarr*, 2013 WL 3850848, at *1 ("when the testimony of the treating physician or provider ventures beyond [matters solely within the scope of observation, diagnosis, and treatment] and includes opinions on causation, prognosis, and/or future implications of the injury," those opinions require the plaintiff to provide "full report[s] satisfying the requirements of Federal Rule of Civil Procedure 26(a)(2)(B)"); *Denture Cream*, 2012 WL 5199597, at *5 ("Inasmuch as Plaintiffs' treating physicians are opining on causation—either specific or general—Defendants are entitled to full Rule 26(a)(2)(B) reports because such opinions go beyond those arising from treatment.").

Plaintiff's failure to produce an expert on medical causation is fatal to her negligence case and warrants entry of summary judgment for Walmart. *See Cochran v. E.I. DuPont de Nemours*, 933 F.2d 1533, 1537 (11th Cir. 1991) ("[T]he Supreme Court had held that [R]ule 56(c) mandates the entry of summary judgment against a party who fails to prove an essential element of the case.") (citing *Celotex Corp.* 477 U.S. at 323.) Discovery is closed, and therefore this matter is ripe for adjudication as a matter of law based on Plaintiff's

**HAMILTON, MILLER & BIRTHISEL** LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

lack of a medical expert to opine on medical causation.

Based on the pertinent case law, summary judgment in Walmart's favor is proper.  In *Jacob v. Korean Air Lines Co., Ltd.*, the Eleventh Circuit affirmed summary judgment based on Plaintiff's failure to prove medical causation in a negligence case where the plaintiff sustained long-term diabetic and cardiac injuries as a result of airline travel. *Jacob*, 606 Fed. Appx. 478, 481 (11th Cir. 2015).  The court reasoned that the plaintiff "failed to submit any medical-expert evidence that any of the alleged accidents caused or even contributed to his injuries." *Id.*  The Eleventh Circuit applied a well-settled rule that medical causation presents technical and scientific issues "requiring specialized knowledge of an expert medical witness."  *See Wingster v. Head*, 318 Fed. Appx. 809, 815 (11th Cir. 2009); *Allison v. McGahn Med. Corp.*, 184 F.3d 1300, 1320 911th Cir. 1999); *Webster v. Offshore Food Serv.*, 434 F.2d 1191, 1193 (5th Cir. 1970); *Gayle v. Pasco County Sheriff's Office*, 2007 WL 2695820, at *11 (M.D. Fla. Sep. 10, 2007); *Drury,* 2003 WL 23319650, at *4 (M.D. Fla. June 3, 2003) ("to establish causation, expert testimony is necessary); *Marking v. Novartis Pharm. Corp.*, No. 00-9108-CV, 2002 WL 32255405, at *3 (S.D. Fla. Feb 12, 2002) ("Plaintiffs are required to introduce expert testimony to establish medical causation").

Indeed, a medical expert is required where a litigant, as Plaintiff here experienced multiple ailments before and after the incident. *Rivera*, 711 Fed. Appx. at 954. It is necessary to have a medical expert to understand the nature and extent of her injuries.  *Id.*  It is well settled that in the negligence context under Florida law, lay testimony is legally insufficient to support a finding of causation where medical condition is not readily observable.  *Jones*, 2017 WL 1396477 at * 21. citing *Rementer v. United States*, No.

8:14-cv-642-T-17MAP, 2015 U.S. Dist. LEXIS 138534, 2015 WL 5934522, at *3 (M.D. Fla. Oct. 9, 2015). The *Jones* court further reasoned that back pain and other soft tissue injuries are not readily observable medical conditions and require the use of expert testimony on medical causation. *Id*. (citing *Crest Prods. v. Louise*, 593 So. 2d 1075, 1077 (Fla. 1st DCA 1992)).

Here, the requirement of expert medical testimony is obvious.  Notably, Plaintiff's allegations of neck, back and knee pain involve soft tissue injuries which are not readily observable. *Jones*, 2017 WL 1396477 at * 21 (expert testimony is required when injuries are not readily observable). Significantly, in 2013, prior to the accident at issue, Plaintiff treated with various medical providers including Dr. Goldsmith and Dr. Michael Kelly for low back pain following a motor vehicle accident various medical providers.  See Exhibit "Composite G" and Dr. Kelly's report dated September 17, 2013 attached as Exhibit "K."  Plaintiff's pre and post incident MRI studies reveal the same findings in the lumbar spine, to wit, disc bulges at L1 through L4 and an annular tear/fissure L5-S1. *See* Lumbar MRI reports dated March 12, 2013 and January 24, 2017 attached as Composite Exhibit "L."  On September 23, 2016, due to pain in both knees Plaintiff underwent X-rays which revealed mild and moderate degenerative changes in her knees.  *See* Exhibit "F."  Undoubtedly, these pre-existing conditions directly correlate with Plaintiff's present complaints, and as such, there is high likelihood that there are other possible causes of Plaintiff's alleged injuries which were not considered by her treating physicians during the course of medical treatment.

In cases like this one, where Plaintiff sustained injuries which may result from multiple possible causes, experts are required to establish causation.  *See Whitehead v. City of Bradenton*, Case No.8:13-cv-2845-T-30MAP, 2015 WL 1810727 (M.D. Fla. 2015); *Gordon v. Target Corp.*,

No. 07-80412-CIV, 2008 WL 2557509, at *6 (S.D. Fla. June 23, 2008) (*citing Drury*, 2003 WL 23319650, at *3) (because Plaintiff's injuries are of a type that could have many different causes, an expert witness must be able to state, based on a reasonable degree of medical certainty, that the defendant's negligence is more likely than anything else to have caused Plaintiff's injuries).  Medical expert testimony is necessary to establish causation particularly where Plaintiff has a history of accidents before and after the one at issue and an extensive history of treatment for her knees and back.  Therefore, Plaintiff is required to prove a causal connection through admissible testimony of a medical expert. *Rementer,* 2015 WL 5934522, at *18 (*citing Scott,*  127 F. Supp. at 424)(stating that "it has been consistently held that whether there was a causal connection between an accident …[and a sustained injury]…is a question with respect to which  only medical experts with training, skill, and experience could express an intelligent opinion.").  A treating physician is prohibited from offering testimony about matters such as the cause of Plaintiff's injuries because proof of medical causation regarding a plaintiff's injuries or condition generally requires expert testimony. *See Henderson*, 409 F.3d at 1300; *see generally McClain v. Metabolife Intern., Inc.*, 401 F.3d 1233, 1237 (11th Cir. 2005). Accordingly, to the extent Plaintiff attempts to offer opinion evidence through her treating healthcare providers for whom Rule 26(a)(2)(B) materials have not been provided may only testify as lay witnesses to matters within the scope of their own personal observation, such as treatment. *See Kilpatrick v. Breg, Inc.*, No. 08-10052, 2009 WL 2058384, *11 (S.D. Fla. June 25, 2009) (citing *Henderson*, 409 F.3d at 1300). A treating physician is prohibited from offering testimony about matters such as the cause of Plaintiff's injuries because proof of medical causation regarding a plaintiff's injuries or condition generally requires expert testimony. *See Henderson*, 409 F.3d at 1300; *see generally McClain v. Metabolife Intern., Inc.*, 401 F.3d 1233,

13

1237 (11th Cir. 2005). Thus, to the extent Plaintiff attempts to offer opinion evidence about the cause of injury (or other Fed. R. Evid. 701 type evidence) through her treating physicians, such evidence must be excluded. *See Kilpatrick*, 2009 WL 2058384, *11 (the testimony of treating physicians not designated as experts and did not provide Rule 26 reports "would necessarily be limited to matters of personal observation and cannot touch upon causation"); *see also Bynum v. MVM, Inc.*, 241 F.R.D. 52, 55 (D.D.C. 2007) (noting that absent Rule 26(a)(2)(B) disclosures, a treating physician cannot testify about the "plaintiff's current condition, prognosis, causation or permanency, and any other such forward-looking speculation, or other conclusion reached with the benefit of hindsight and after the underlying events that gave rise to this lawsuit"). The Court must decline to admit any expert opinion evidence on causation offered by or though Plaintiff's treating physicians, Plaintiff, or other healthcare providers particularly as none of her alleged injuries were readily observable and it was not necessary to determine the cause of her injuries in order to render care.

The record is completely devoid of any medical expert witness' testimony to link the alleged injuries to the incident, and the deadline to produce the expert testimony has expired. Plaintiff's failure to present admissible expert testimony is dispositive of the causation because Plaintiff's injuries are beyond understanding or observation of a layperson. *See Riviera v. Royal Caribbean Cruises*, Case No. 15-24173-CIV-SEITZ/TURNOFF, 2016 WL 7176644 at *3 (S.D. Fla. Dec. 8, 2016) (granting summary judgment in favor of cruise operator where the plaintiff failed to introduce expert testimony regarding the cause of her injuries). Therefore, per Florida law, absent medical expert testimony as to the legal cause of her injuries, Plaintiff cannot prove her negligence case against Walmart and summary judgment is proper.

**HAMILTON, MILLER & BIRTHISEL** LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

### C. Plaintiff Must Prove Medical Causation Through Expert Testimony.

In order to prevail on her claim, Plaintiff must prove a cause and effect relationship between the incident at the Walmart Store and her alleged injuries. *Barrow v. Bristol-Myers Squibb Co.*, Case No. 96-689-CIV-ORL-19B, 1998 U.S. Dist. LEXIS 23187 * 182 (Fla. M. D. October 29, 1998).

The issue of medical causation is clearly one that requires specialized, technical knowledge and falls beyond the scope of layperson's knowledge.   *Jacob v. Korean Air Lines Co.*, 606 Fed. Appx. 478, 481 (11th  Cir. 2015).  To this end, Florida law provides that only expert witnesses (and specifically, medical doctors) can render medical causation opinions. *Upjohn Co. v. MacMurdo*, 562 So. 2d 680, 683 (Fla. 1990).  In a negligence case, in order to establish causation, expert testimony is necessary.  An expert witness must be able to state opinions, based on a reasonable degree of medical certainty, that the defendant's negligence is more likely that anything else to have been the cause of plaintiff's injuries. *Drury v. Cardiac Pacemakers, Inc.*, No.08:02CV933T-17MAP, 2003 WL 23319650, at *3 (M.D. Fla. June 3, 2013). Expert testimony is generally required to establish causal connection, between the accident and injury "unless the connection is a kind that would be obvious to laymen such as a broken leg form being struck by an automobile." *Schmaltz v. Norfolk & W. Ry. Co.*, 896 F.Supp. 180, 182 (N.D. Ill. 1995); *see also Scott v. United States*, 127 F. Supp. 422, 424 (N.D. Fla. 1955) ("[I]t has been consistently held that whether there was a causal connection between an accident….[and a sustained injury]…. is a question with respect to which only medical experts with training, skill, and experience could…express an intelligent opinion").  Expert testimony is necessary where the issue of causation presents 'specialized medical question,' i.e. where the

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

link between a defendant's actions and plaintiff's injury is beyond common knowledge and experience' and present medical questions that can be answered accurately only by witnesses with specialized expert knowledge." *Cooper v. Marten Transp., Ltd*. 539 Fed.Appx. 963, 967-68 (11th Cir. 2013). Here, Plaintiff does not have a medical expert who has been retained to review the full complement of Plaintiff's medical records pre and post incident and to perform reliable opinions on causation.  In an attempt to demonstrate causation, Plaintiff relies on the reports of her treating physicians Drs. Ellowitz and Goldsmith.   However, Plaintiff failed to provide a written report from these treating physicians or any other medical provider and has not complied with any of the other requirements of Rule 26(a)(2)(B).

### D.  Opinions on causation are subject to requirements of *Daubert*.

Another ground on which any purported expert opinions fail in this matter is that they do not comply with *Daubert* strictures.  The district court serves as a gatekeeper to the admission of scientific testimony, by ensuring that "speculative, unreliable expert testimony does not reach the jury under the mantle of reliability that accompanies the appellation 'expert testimony.'" *Daubert v. Merrell Dow Pharms, Inc*., 509 U.S. 579, 589 (1993); *Rink v. Cheminova, Inc*., 400 F.3d 1286, 1291 (11th Cir. 2005); *quoting McCorvey v. Baxter Healthcare Corp*., 298 F.3d 1253, 1256 (11th Cir. 2002).

The admissibility of expert testimony is governed by Rule 702 of Federal Rules of Evidence, which provides: if scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise if (1) the testimony is based upon sufficient fact or data, (2) the

**HAMILTON, MILLER & BIRTHISEL** LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case." Fed. R. Evid. 702; *see also Graff v. Baja Marine Corp.*, 310 Fed. Appx. 298, 302 (11th Cir. 2009).  In determining the admissibility of expert evidence, the court engages in a rigorous three-part inquiry pursuant to *Daubert* and its progeny.  Relevant expert testimony is admissible only if the trial court finds that: (1) the expert is qualified to testify competently regarding the matters he intends to address; (2) the methodology by which the expert reaches his conclusions is sufficiently reliable as determined by the sort of inquiry mandated in *Daubert*; and (3) the testimony assists the trier of fact, through the application of scientific, technical, or specialized expertise, to understand the evidence or to determine a fact in issue. *Rosenfeld v. Oceania Cruises Inc.*, 2009 U.S. Dist. LEXIS 86714 *2-3 (S.D. Fla. 2009) quoting *United States v. Frazier*, 387 F.3d 1244, 1260 (11th Cir. 2004); *see also Daubert*, 509 U.S. at 589.  The Eleventh Circuit has referred to these requirements as the "qualification", "reliability", and "helpfulness" prongs, and although there may inevitably be overlap, the three prongs remain distinct concepts that must be individually analyzed. *Frazier*, 387 F.3d at 1260.

As the Court in *Denture Cream* noted, "expert testimony regarding causation must be vetted for reliability" and is subject to the requirements of *Daubert*. *Denture Cream,* 2012 WL  5199597 at *6. Moreover, as the Eleventh Circuit has addressed, "once the treating physician expresses an *opinion* unrelated to treatment which is "based on scientific, technical, or other specialized knowledge," that witness is offering expert testimony for which the court must perform its essential gatekeeping function as required by *Daubert*."  *Wilson,* 303 Fed. Appx. at 712 (holding a treating physician's expert opinion was not reliable, excluding same, and

affirming summary judgment in favor of the defendant for the failure to establish medical causation).

Without the benefit of receiving any of the Rule 26(a)(2)(B) reports for any of treating physicians, Walmart is precluded from its ability to evaluate and challenge the expert's qualifications or reliability in offering opinions such as causation.  Moreover, the insufficient and limited medical records show that the physicians by which Plaintiff seeks to enter causation opinions are not qualified to render such opinions under *Daubert*.

For instance, Dr. Goldsmith is a chiropractor whose readings of Plaintiff's diagnostic films offer no opinion as to causation (as discussed above). Despite indicating she will seek to rely on him to offer causation testimony at trial, Plaintiff failed to timely disclose any information as to what his qualifications are and has failed to disclose the underlying facts for his opinions nor a detailed written expert report under Rule 26(a)(2)(B).

Plaintiff has failed to provide full Rule 26(a)(2)(B) reports from Drs. Ellowitz and Goldsmith detailing their opinions and the facts and data on which they relied to arrive at their conclusory statements that the injuries were caused by the slip and fall.  The conclusory statements regarding causation alone do not satisfy the requirements of *Daubert*.  The lack of a full Rule 26(a)(2)B) report is crucial specifically in cases like this with a marked history of prior complaints which were denied by Plaintiff under oath in her deposition, in her sworn answers to interrogatories, and notably to defendant's medical expert.  *See* Report of Dr. Simon, Exhibit "M" ("She denies any previous injuries, accidents, medical care or chiropractic care or similar symptoms to her right elbow, right hip or right knee."). Plaintiff further failed to comply with Rule 26 in providing the CVs of the treating physicians showing their qualifications, the list of cases in which the treating physicians have testified in the last 4 years, and a statement of the

**HAMILTON, MILLER & BIRTHISEL** LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

compensation for their study and testimony in this case.

Accordingly, in addition to failing to provide the required Rule 26(a)(2)(B) reports, Plaintiff has failed to show that any of the causation opinions she purports to introduce meet the reliability threshold of *Daubert*. Thus, any opinions on causation must be stricken on those grounds.

> **E.     Because Plaintiff Failed To Provide Expert Testimony On Medical Causation, She Cannot Prove Her Claim Against Walmart And Summary Judgment Is Proper.**

Summary judgment is required where a plaintiff fails to provide expert testimony on medical causation. *See Jacob*, 606 Fed. Appx. at 481 (affirming summary judgment); *Rafflo*, 2013 WL 3770844, at *3, n.1 (granting summary judgment in a premises liability claim reasoning that absent expert testimony from a "medical expert", it was "unclear how [p]laintiffs could possibly prove medical causation."); *see also Kilpatrick v. Breg, Inc*., 613 F.3d 1329, 1334 n.4 (11th Cir. 2010) (affirming summary judgment); *Guinn v. AstraZeneca Pharm, LP*, 602 F.3d 1245, 1256 (11th  Cir. 2010) (affirming summary judgment); *Riviera*, 2016 WL 7176644 at *3 (granting summary judgment in favor of cruise operator where the plaintiff failed to introduce expert testimony regarding the cause of her injuries).

Plaintiff must come forward with admissible evidence on the issue of medical causation in order to demonstrate that there is a material issue of fact precluding summary judgment. *Clark v. Coats & Clark, Inc*., 929 F.2d 604, 608 (11th Cir. 1991). Without admissible expert testimony on medical causation, Plaintiff in unable to prove her negligence case and summary judgment in Walmart's favor is proper. *Emody v. Medtronic, Inc*., 238 F. Supp. 2d 1291 (N.D. Ala. 2003) (granting summary judgment in defendant's favor when plaintiff failed to offer any expert medical testimony to establish causation). The decision of granting a motion for summary

**HAMILTON, MILLER & BIRTHISEL** LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

judgment where a party does not have admissible evidence to prove their claims is not new to this district. Another Court in this District has previously granted summary judgment in a defendant's favor in a medical malpractice case where the plaintiff failed to disclose an expert witness before the discovery deadline and was precluded from doing so after the Court struck plaintiff's expert witnesses and declarations. *See Cruz v. United States*, 2013 WL 395460, at *4 (S.D. Fla. Jan. 31, 2013). Similarly, in *Haggerty,* a court in this District again granted a summary judgment in the defendant's favor where plaintiff's only expert witness' causation opinion was excluded pursuant to *Daubert* standards. *See Haggerty v. Upjohn Co*., 950 F. Supp. 1160 (S.D. Fla 1996). Likewise, the Eleventh Circuit affirmed the district court's granting of summary judgment in the defendant's favor where plaintiff complained of shoulder pain and there was no reliable expert evidence on causation. *Kilpatrick*, 2009 WL 2058384, at *11 (S.D. Fla. June 25, 2009), aff'd, 613 F.3d 1329 (11th Cir. 2010).

Just as in the cases cited above, here Plaintiff has failed to comply with the requirements for admissible expert evidence on the issue of causation. Thus, without such evidence being offered by a medical expert, summary judgment must be granted in Walmart's favor.

## IV.   CONCLUSION

Walmart is entitled to summary judgment in its favor because Plaintiff has completely failed to produce reports compliant with Rule 26(a)(2)(B) despite the fact that federal precedent requires medical causation to be proved through a medical expert where, as here, Plaintiff's multiple symptoms involved non-obvious, technical and scientific issues beyond the understanding of a lay person. Further, the injuries were not readily observable and the determination of causation was not necessary to render care. In the absence of medical expert testimony to prove causation, summary judgment is proper.

20

Respectfully submitted,

/s/ *Gilda M. Chavez*

Jerry D. Hamilton
Florida Bar No. 970700
jhamilton@hamiltonmillerlaw.com
Annalisa Gutierrez
Florida Bar No. 97940
agutierrez@hamiltonmillerlaw.com
Gilda M. Chavez
Florida Bar No. 973173
gchavez@hamiltonmillerlaw.com
HAMILTON, MILLER & BIRTHISEL, LLP
150 Southeast Second Avenue, Suite 1200
Miami, Florida 33131-2332
Telephone:     (305) 379-3686
Facsimile:     (305) 379-3690
***Attorneys for Wal-Mart Stores East, LP***

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on March 27, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List via transmission of Notices of Electronic Filing generated by CM/ECF.

/s/ *Gilda M. Chavez*

Gilda M. Chavez, Esq.

## SERVICE LIST

Matthew Sean Tucker
Tucker Law
200 SE 6th Street
Suite 405
Fort Lauderdale, Florida 33301
Matt@TuckerUp.com

**HAMILTON, MILLER & BIRTHISEL** LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690