IN THE CIRCUIT COURT OF THE 17TH
JUDICIAL CIRCUIT, IN AND FOR
BROWARD COUNTY, FLORIDA

**POLLY BASSETT**,  GENERAL JURISDICTION DIVISION

    **Plaintiff,**  CASE NO.:

v.

**WAL-MART STORES EAST, L.P.**,

    **Defendant.**

_____/

**PLAINTIFF'S RESPONSE TO DEFENDANTS' EXPERT
WITNESS REQUEST FOR PRODUCTION**

The Plaintiff, POLLY BASSETT, by and through undersigned counsel, files this Plaintiff's Response to Defendants' Request to Produce on January 14, 2019, and states as follows:

1. At this time, Plaintiff has not determined which witnesses that she intends to call at trial. In addition, pursuant to the Court's Order, Plaintiff's Witness List is not due until September 25, 2019 [DE 62]. Accordingly, Plaintiff has not listed any expert witnesses in a witness list.

2. Plaintiff has not retained or specially employed a witness to provide expert testimony in this case. Plaintiff has produced medical records contained in Bates Stamped records BASSETT000001-BASSETT000628 from medical doctors, *i.e.*, hybrid witnesses, to this case. It is reasonably expected that any medical records (produced in BASSSETT000001-BASSETT000628) of a hybrid witness would be relied upon at trial.

3. The Defendant is requesting the pre-mature disclosure of materials/evidence that Plaintiff and/or expert will rely on at the time of trial. Plaintiff has not determined if anyone other than treating physicians will testify at trial. Additionally, Plaintiff has not determined which treating physicians will testify at trial as hybrid witnesses. It is expected that any hybrid

**EXHIBIT "B"**

witness/treating physician will testify regarding facts they learned in the course of treatment of the Plaintiff.  The treating physicians are expected to testify regarding facts and opinions contained within BASSETT000001-BASSETT000628.

4. Objection.  This question is overly broad, unduly burdensome, vague, and not limited to a reasonable time and scope, and includes matters protected by attorney-client and attorney work-product privilege.

5. Plaintiff has not retained any expert witnesses.  Dr. Ellowitz has never testified or been deposed by or for a client of Tucker Law, to the best of the knowledge of the undersigned law firm.

6. Plaintiff has not retained any experts and expects to only call hybrid witnesses.  Therefore, Plaintiff does not have information responsive to this request.

7. N/A.  Plaintiff has not retained any experts and therefor, no engagement letters from Plaintiff's counsel to any expert exists.

8. Plaintiff has not retained, nor specially hired for litigation, any experts in this matter.  Accordingly, Plaintiff has no fee schedule or rate sheet to provide in this case.

I HEREBY CERTIFY that a true and correct copy of the foregoing was emailed this 28th day of February, 2019 to: **Annalisa Gutierrez, Esquire,** 150 Southeast Avenue, Suite 1200, Miami, FL 33131, 305-878-5345, agutierrez@hamiltonmillerlaw.com.

Respectfully submitted,

Tucker Law™
*Attorney for Plaintiff*
200 SE 6TH Street, Suite 405
Fort Lauderdale, FL 33301
Telephone: 954.204.0444
Fax: 954.358.4946
Matt@TuckerUp.com

**EXHIBIT "B"**

www.TuckerUp.com

By: /s/ Matthew Sean Tucker
Matthew Sean Tucker
Florida Bar No.: 90047

**EXHIBIT "B"**