UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-61984-CIV-ALTMAN/Hunt

**POLY BASSETT,**

    Plaintiff,

v.

**WAL-MART STORES EAST, LP,**

    Defendant.

_____/

## ORDER

**THIS CAUSE** came before the Court upon the Plaintiff Bassett's Motion for Leave to File Second Amended Complaint and Modify the Scheduling Order ("Motion") [ECF No. 81], filed on April 30, 2019. When a motion for leave is filed after a scheduling order deadline has passed, "Rule 16 is the proper guide for determining whether a party's delay may be excused." *Sosa v. Airprint Sys.*, 133 F.3d 1417, 1418 n.2 (11th Cir. 1998). Rule 16 requires a litigant to show "good cause" and to obtain the "judge's consent." *See* FED. R. CIV. P. 16(b)(4). This good cause standard precludes modification if the litigant's failure to comply with the scheduling order resulted from a "lack of diligence in pursuing her claim." *See Sosa*, 113 F.3d at 1419.

In her motion, the Plaintiff requests leave to file her second amended complaint in order to add new parties, *see* Mot. ¶ 4, and seeks a continuance to conduct further discovery, *see id.* ¶ 18. This Court's scheduling order [ECF No. 7] set an October 18, 2018 deadline to join additional parties and to amend pleadings, and this Court's amended scheduling order [ECF No. 62] set a March 15, 2019 deadline for fact discovery. For the reasons outlined below, the Court finds that

the Plaintiff has failed to justify the reopening of either period with anything approaching "good cause."

*First*, the Plaintiff is not entitled to add new parties to her complaint because, by her own admission, she has been aware of the existence of these parties for at least two months. *See* Mot. ¶ 14. On December 11, 2018, the Defendant produced a video of the incident in this case, which the Plaintiff admits showed the individuals she now wishes to add. *See id.*, Ex. 3. Then, on January 22, 2019, the Defendant provided the Plaintiff with its witness disclosures, which identified twelve individuals by name, including the individuals at issue in the pending motion. *See id.* ¶ 7. Two weeks later, on February 6, 2019, the Defendant provided the Plaintiff with the employment positions of those individuals. *See id.* ¶ 9. Despite this, the Plaintiff did not move for leave to amend until April 30, 2019—more than three months after receiving the relevant individuals' names, more than six months after the deadline for the amendment of pleadings had passed, and more than one month after the expiration of the discovery period. *See id.* As such, the Court finds both that the request for leave to amend is untimely and that it resulted from a "lack of diligence [on the part of the Plaintiff] in pursuing her claim." *See Sosa*, 113 F.3d at 1419.

*Second*, the Plaintiff is not entitled to reopen the discovery period for further investigation into her requested "spoliation of evidence claim." *See id.* ¶ 18. To begin with, there is no independent cause of action for first-party spoliation under federal law. *See, e.g.*, *Coriam v. Magical Cruise Co., Ltd.*, No. 614CV398ORL22DAB, 2014 WL 12690120, at *5 (M.D. Fla. Nov. 24, 2014) (citation omitted). Nor does one exist under Florida law. *See Silhan v. Allstate Ins. Co.*, 236 F. Supp. 2d 1303, 1307 (N.D. Fla. 2002). What is more, the discovery deadline in this case has already been extended for more than a month—from February 14 in the original scheduling order [ECF No. 7] to March 15 in the amended scheduling order [ECF No. 62]—and trial is now

just two months away. *See id.* The Plaintiff is thus asking the Court reopen discovery 45 days after the close of the discovery period and just 60 days before the start of trial. Because the Plaintiff seeks to extend the discovery period to investigate a stand-alone claim that does not appear likely to exist, she has failed to show "good cause."

To reiterate, then:

This case is set for trial during the Court's two-week trial calendar beginning on **July 8, 2019**. Counsel for all parties shall also appear at a calendar call **at 1:45 p.m. on July 2, 2019**. All proceedings in this case shall be conducted in Courtroom 207A at the U.S. Courthouse, 299 E. Broward Blvd., Fort Lauderdale, Florida.

The remaining deadlines in this case are as follows:

**May 20, 2019.** The parties shall submit a joint pre-trial stipulation, proposed jury instructions and verdict form, or proposed findings of fact and conclusions of law, as applicable, and shall file any motions *in limine* (including *Daubert* motions). Each party is limited to filing one motion *in limine*, which may not, without leave of Court, exceed the page limits allowed by the Rules. If a party cannot address all evidentiary issues in a 20-page memorandum, it must petition the Court for leave to include additional pages. **The parties are reminded that motions *in limine* must contain the Local Rule 7.1(a)(3) certification.**

Accordingly, the Court hereby

**ORDERS AND ADJUDGES** that the Plaintiff's Motion for Leave to Amend and for Continuance **[ECF No. 81]** is **DENIED**.

**DONE AND ORDERED** in Fort Lauderdale, Florida this 6th day of May 2019.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record