UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-61984-CIV-ALTMAN/Hunt

POLY BASSETT,

     Plaintiff,

v.

WAL-MART STORES EAST, LP,

     Defendant.

_____/

## ORDER

**THIS MATTER** comes before the Court upon Walmart's Motion to Dismiss for Fraud on the Court ("Motion") [ECF No. 65], filed on March 27, 2019. Walmart argues that the Plaintiff's complaint should be dismissed because, during the course of this litigation, the Plaintiff made a number of salient misrepresentations. *See generally* Mot. For the reasons set forth below, the Defendant's motion is **DENIED.**

There are two sources of a court's power to sanction litigants for fraud on the court. *First*, courts have an inherent authority to control and regulate their dockets. *Vargas v. Peltz*, 901 F. Supp. 1572, 1579 (S.D. Fla. 1995). That authority includes the power to sanction litigants, even by dismissing a case, for abusive litigation practices. *See id.*; *see also Martin v. Automobili Lamborghini Exclusive, Inc.*, 307 F.3d 1332, 1335 (11th Cir. 2002). *Second*, Federal Rule of Civil Procedure 41 expressly grants a federal judge the enumerated authority to dismiss an action for a party's failure to comply with either the Federal Rules of Civil Procedure or the court's orders. *See* FED. R. CIV. P. 41(b); *see also Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985). But dismissing a case pursuant to either of these powers should always be a sanction of "last resort."

*Goforth*, 766 F.2d at 1535. For this reason, before a court may dismiss a complaint for fraud on the court, the court must make specific findings in support of its view that no lesser sanction would have adequately addressed the problem. *Id*. In its Motion, Walmart never so much as discusses any lesser sanctions. *See generally* Mot. Nor does Walmart attempt to explain why any such lesser sanctions might be inadequate here. *Id*. Instead, Walmart lays out a long train of abuses and proceeds immediately to the most drastic sanction—dismissal. *See* Mot. at 20.

A plaintiff commits fraud on the court when clear and convincing evidence demonstrates that he has "sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter by improperly influencing the trier or unfairly hampering the presentation of the opposing party's claim or defense." *Vargas*, 901 F. Supp. at 1579. A finding of fraud on the court is reserved for "only the most egregious misconduct, such as the bribery of a judge or members of the jury, or the fabrication of evidence by a party." *See Patterson v. Lew*, 265 F. Appx. 767, 768 (11th Cir. 2008).

Neither perjury nor the proffering of misrepresentations to the opposing party typically constitutes fraud on the court. *See, e.g.*, *SEC v. E.S.M. Group, Inc.*, 835 F.2d 270, 273–274 (11th Cir. 1988) (lying to opposing party and perjury do not constitute fraud on the court); *Bryant v. Troutman*, No. 3:05-CV-162-J-20MCR, 2006 WL 1640484, at *1–2 (M.D. Fla. Jun. 8, 2006) (same); *Dewdney v. Eckerd Corp.*, No. 8:07-cv-567-T-24-TBM, 2008 WL 2371055, at *1 (M.D. Fla. Jun. 26, 2008) (same); *McCarthy v. American Airlines, Inc.*, No. 07-61016-CIV, 2008 WL 2517129, at *1 (S.D. Fla. Jun. 23, 2008) (same).

Instead, the plaintiff must direct his actions *to the court*—either by submitting fabricated evidence or else by concealing the true party in interest. *See, e.g.*, *Vargas*, 901 F. Supp. at 1579 (submitting fabricated evidence is grounds for dismissal for fraud on the court); *McDowell v.*

*Seaboard Farms of Athens, Inc.*, No. 95-609-CIV-ORL-19, 1996 WL 684140, at *8 (M.D. Fla. Nov. 4, 1996) (same); *Aoude v. Mobil Oil Corp.*, 892 F. 2d 1115, 1118 (9th Cir. 1989) (same). Generally speaking, then, only a party's egregious misconduct *towards the Court* will result in dismissal for fraud on the court. Chicanery—even deceit between the parties— will thus rarely rise to the level of iniquity required to dismiss a complaint for fraud on the court.

Walmart alleges five acts of misconduct that, it says, warrant dismissal here: (i) that the Plaintiff misrepresented her history of injuries and pain, Mot. at 4–6; (ii) that the Plaintiff misrepresented her prior physicians and medical history, *id.* at 6; (iii) that the Plaintiff misrepresented her prior personal injury claims, *id.* at 7; (iv) that the Plaintiff misrepresented her ability to wear a wig and heels, *id.* at 10–12; and (v) that the Plaintiff misrepresented her weight, *id.* at 13. Perhaps more importantly, the Defendant alleges that the Plaintiff perpetuated these lies, not just through her interrogatories, but also in her deposition testimony. *Id.* at 13–14. According to Walmart, the Plaintiff only served amended interrogatory answers—which apparently corrected these misrepresentations—*after* her fraud was uncovered. *Id.*

If true, these allegations are extremely troubling. Lying under oath is an "affront to the law itself." *ABF Freight Sys., Inc. v. NLRB*, 510 U.S. 317, 326 (1994) (Kennedy, J., concurring). "Parties who offer evasive interrogatory answers and deposition testimony which omits relevant information invite sanctions." *Gonzalez v. Bus. Representation Int'l, Inc.*, 248 F.R.D. 644, 646 (S.D. Fla. 2008) (citations omitted). Nevertheless, for the following reasons, the Court will not now undertake the draconian sanction of dismissal.

*First*, as mentioned, perjury, however reprehensible, typically "does not constitute fraud on the court." *See E.S.M. Group, Inc.*, 835 F.2d at 273–74. In this respect, the Court notes that the

3

Plaintiff does not appear to have lied *to the Court*—at least not yet. And, though it does not excuse her behavior, the Plaintiff has apparently corrected her misstatements. Mot. at 13-14.

*Second*, Walmart does not seem to have been materially prejudiced by the Plaintiff's misrepresentations. Walmart did not simply take the Plaintiff at her word, rely on her answers as truthful, and form a theory of the case based on those answers. Instead, Walmart diligently launched a covert investigation that brought the Plaintiff's lies to light. *See* Mot. at 11. During that investigation, Walmart not only obtained copies of the Plaintiff's entire medical history, but it also hired a private investigator to follow and photograph the Plaintiff. *Id.* As the Eleventh Circuit has said, "perjury does not constitute fraud on the court" where, among other things, "it does not prevent a party from gaining access to an impartial system of justice." *See E.S.M. Group, Inc.*, 835 F.2d at 273–74. Walmart will not be prevented from "gaining access to an impartial system of justice" here. To the contrary, armed with substantial evidence of the Plaintiff's intentional deceptions, Walmart will have all the ammunition it requires to conclusively discredit the Plaintiff in the eyes of the jury.

*Third*, because dismissal is a sanction of "last resort," the Court is not persuaded—principally because Walmart did not address the possibility in its Motion—that there are no less extreme means by which the Court can adequately express its unambiguous condemnation of a party's repeated use of intentional deception. The Court leaves for another day—or, perhaps, another motion—a detailed recitation of what these more lenient sanctions might be.

*Fourth*, the Court is not blind to the reality that, when faced with reasonably analogous factual scenarios, federal courts in this Circuit have routinely refused to dismiss a plaintiff's complaint for fraud on the court. *See E.S.M. Group, Inc.*, 835 F.2d at 273–274 (finding that "perjury does not constitute fraud on the court"); *Bryant*, 2006 WL 1640484, at *1–2 (finding that

"lying under oath, giving misleading answers under oath, thwarting Defendants' discovery, and concealing the existence and/or extent of both prior and subsequent injuries" in personal injury action did not constitute fraud on the court); *Dewdney*, 2008 WL 2370155, at *3–4 (finding that perjury and "significant inconsistencies" in Plaintiff's sworn testimony did not constitute fraud on the court); *McCarthy*, 2008 WL 2517129, at *2 (finding that Plaintiff's failure to disclose prior injuries and the names of all prior treating physicians in personal injury action did not warrant the "extreme sanction of dismissal").

Accordingly, this Court hereby

**ORDERS and ADJUDGES** that the Defendant's Motion to Dismiss for Fraud on the Court [ECF No. 65] is **DENIED.**

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 9th day of July 2019.

_____

**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:      counsel of record

5