IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:18-CV-61984-FAM

**POLLY BASSETT**,

    **Plaintiff,**

v.

**WAL-MART STORES EAST, L.P.**,

    **Defendant.**

**REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS
FROM DEFENDANT, WAL-MART STORES EAST, L.P.**

The Plaintiff, POLLY BASSETT, by and through undersigned counsel, and pursuant to applicable Rules of Civil Procedure requests the Defendant, WAL-MART STORES EAST, L.P., to produce copies of the following within the time and manner prescribed by Fed. R. Civ. P. 34 at the offices of Tucker Law, 200 SE 6th Street, Suite 405, Fort Lauderdale, FL 33301.

**INSTRUCTIONS AND DEFINITIONS**

    A.    If any designated document was, but is no longer in your possession or subject to your control, state what disposition was made of each such document.

    B.    These requests include the production of all non-identical copies, including drafts and copies upon which notes have been made.

    C.    These requests include the production of all computer or electronically generated matter or information of any kind, whether or not currently existing in printed form, including that generated by an electronic mail system or otherwise.

    D.    To the extent that any request is objected to, set forth in detail all reasons for said objection in the manner prescribed by the applicable rules.  If you object in part to any Request,

produce all documents included in the remainder of such Request.

E.     If you claim privilege(s) as grounds for failing to produce any document herein requested, describe the factual basis for the claim of privilege in sufficient detail so as to permit the court to adjudicate the validity of that claim.  In addition, for each document withheld on a claim of privilege set forth the following information:

   i.     the name of sender(s);
   ii.    the name of author(s);
   iii.   the name(s) of the person(s) to whom copies were sent or by whom they were at any time received;
   iv.    the job title of every person named in (i), (ii) and (iii) above;
   v.     date of document;
   vi.    nature of document (*e.g.*, letter, memorandum, telegram, etc.); and
   vii.   a brief description of the subject matter of the document.

F.     "Communication(s)" includes any oral utterance made, heard or overheard, whether in person or by telephone or otherwise, as well as every document and other mode of intentionally conveyed meaning.

G.     "Document" shall mean the original and all drafts and all copies, including copies with notations or marks not found on the original, of any writing or printed, graphic or electronic materials of any nature whatsoever, including, but not limited to, records, reports, memoranda, notes, calendar or diary entries, letters, envelopes, telegrams, telexes, e-mails, electronic mail messages, telephone bills, checks, other written communications, messages (including, but not limited to, reports of telephone conversations and conferences), studies, summaries, tabulations, analysis, printed matter, minutes, photographs, tapes, tape recordings, correspondence, financial

statements, worksheets, other communications, contracts, agreements, other official documents and legal instruments, journals, manuals, technical releases, employment applications and agreements, orders, statements, bills, receipts, vouchers, notebooks, data sheets and records kept by any other means.  In all cases where originals and/or non-identical copies are not available, the term "document" also means identical copies of original documents and copies of non-identical copies.

      H.     "Related to", "relate to", and "relating to" are defined as having any relationship or connection to, concerning, being connected to, commenting on, responding to, containing, evidencing, showing, memorializing, describing, analyzing, reflecting, pertaining to, compromising, constituting, identifying, discussing or otherwise establishing a reasonable, logical or causal connection.

      I.     "Complaint" and "claims" refer to the Complaint and any amendments thereto filed by Plaintiffs in this action.

      J.     "Answer" means Defendant's Answer filed to the Complaint.

      K.     Unless otherwise stated, a defined term (as indicated by initial capitalization, e.g., the "Agreement") shall refer to those terms as defined by Plaintiff in his Complaint.

      L.     "And/or" means the inclusion of all possible combinations of the associated terms 'and' and 'or', in all forms.

## REQUESTS

1. All documents identified in or relied upon in preparing answers to Interrogatories in this matter.

2. Without limiting the scope of the foregoing, all documents relating and/or referring to the facts, events or circumstances that are addressed in the Complaint or the Answer.

3. Without limiting the scope of the foregoing, all documents related to any and/or all communications between Defendant and Plaintiff.

4. Any and all documents relating to any communications between Defendant and any third party regarding the averments set forth in the Complaint.

5. Copies of Defendant's policies of insurance in force at the time of the occurrence or polices under which the Defendant was covered at the time of the incident.

6. Copies of any and all incident or accident reports prepared in response to the accident.

7. Any and all incident/accident reports for accidents during the two years preceding this accident that have occurred in the same general location and which are of the same general type of accident as the accident complained of in the within suit.

8. Any and all maintenance and/or cleaning or inspection records during the one week preceding this accident for the particular area of the store/premises/building involved in the within accident.

9. Any and all safety manuals, safety brochures, training films or manuals, pamphlets, posters, films or their transcript bearing upon safety, customer safety, cleanliness and maintenance of the area where the accident occurred.

10. Any and all letters, complaints, telephonic messages etc., concerning the condition of the area where the Plaintiff fell during the one year preceding this accident and the one year subsequent to this accident.

11. All documents that reflect the periodic inspection process on the day of the incident which is the subject matter of this lawsuit.

12. Any and all payments that you intend to introduce as evidence at trial.

13. Any and all statements of the Plaintiff and/or Plaintiff's agents.

14. Any and all documents that reflect the store layout of the Premises on the day of the incident, including store layout map(s) and aisle layout map(s).

15. Any and all documents that reflect the store layout of the Premises presently, including store layout map(s) and aisle layout map(s).

16. Any and all documents that reflect the store camera layout map(s) of the Premises on the day of the incident.

17. Any and all documents that reflect the store camera layout map(s) of the Premises presently.

18. Any and all photographs, movies, charts, and other documentary evidence of the scene, parties, or vehicles involved in or pertaining to the subject accident, occurrences, or issues in this case, including without limitation taken in connection with the accident identified in the Complaint.

19. Any and all photographs and/or movies of the Plaintiff resulting from surveillance and/or investigation of Plaintiff.

20. Any and all video footage of the premises on the date of the accident.

21. Any and all contracts involving maintenance reflecting a contract involving Wal-Mart Stores, Inc.

22. Each and every lease agreement, maintenance agreement, and security agreement in force on the date of the incident found in the Complaint relating to the subject Premises that WALMART, INC. and/or WAL-MART STORES EAST, L.P. was a contracting party including roof maintenance agreements, floor maintenance agreements, any other maintenance contracts at the Premises, and security agreements.

\*\* *Note***:** If any objection to the production of any of the above mentioned requests are based on a privilege, please provide a detailed privilege log.

Dated: September 26, 2018

Respectfully submitted,

By: s/Matthew Sean Tucker
Matthew Sean Tucker
Florida Bar No. 90047
Tucker Law®
200 SE 6TH Street, Suite 405
Fort Lauderdale, FL 33301
Telephone: (954) 204-0444
Facsimile: (954) 358-4946
Matt@TuckerUp.com
*Attorney for Plaintiff(s)*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was emailed to the this September 26, 2018 to all counsel of record identified on the Service List below.

By: s/Matthew Sean Tucker

**Service List:**
**Annalisa Gutierrez, Esq.**
**Gilda M. Chavez, Esq.**
**Jerry D. Hamilton, Esq.**
Hamilton, Miller & Birthisel, LLP
150 Southeast Second Avenue, Suite 1200
Miami, FL 33131
agutierrez@hamiltonmillerlaw.com
gchavez@hamiltonmillerlaw.com
jhamilton@hamiltonmillerlaw.com