UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 0:18cv61984

POLLY BASSETT,

    Plaintiff,

v.

WAL-MART STORES EAST, LP,

    Defendant.

_____/

**DEFENDANT, WAL-MART STORES EAST, LP.'S RESPONSES TO POLLY BASSETT REQUEST TO PRODUCE**

Defendant, WAL-MART STORES EAST, LP, ("Wal-Mart") by and through undersigned counsel and in accordance with the Federal Rule of Civil Procedure 34 hereby serves its Responses to Plaintiff Polly Bassett Request to Produce.

    Respectfully submitted,

**/s/ Annalisa Gutierrez**
Jerry D. Hamilton
Florida Bar No. 970700
jhamilton@hamiltonmillerlaw.com
Annalisa Gutierrez, Esq.
Florida Bar No.: 97940
agutierrez@hamiltonmillerlaw.com
Gilda M. Chavez, Esq.
Florida Bar No.: 973173
gchavez@hamiltonmillerlaw.com
HAMILTON, MILLER & BIRTHISEL, LLP
*Attorneys for Wal-Mart Stores East, LP*
150 Southeast Second Avenue, Suite 1200
Miami, Florida 33131-2332
Telephone:  (305) 379-3686
Facsimile:   (305) 379-3690

CASE NO.: 0:18cv61984

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on October 26, 2018, I served the foregoing on all counsel of record or *pro se* parties identified on the attached Service List by electronic mail.

**/s/ Annalisa Gutierrez**
Annalisa Gutierrez, Esq.

## SERVICE LIST

Matthew Sean Tucker
Tucker Law
200 SE 6th Street
Suite 405
Fort Lauderdale, Florida 33301
Matt@TuckerUp.com

CASE NO.: 0:18cv61984

## Wal-Mart's Responses to Plaintiff Request to Produce

1. All documents identified in or relied upon in preparing answers to Interrogatories in this matter.

   **RESPONSE:**

   **Wal-Mart objects to Request No. 1 on the grounds that it is overbroad, vague and ambiguous, not sufficiently limited in time and scope. Wal-Mart further objects on the grounds that this Request seeks information that is or may be protected by the attorney-client privilege and/or work product doctrine as it seeks documents/materials which reveal the mental impressions of counsel.** *See Smith v. Florida Power & Light Co.*, **632 So. 2d 696, 698 (Fla. 3d DCA 1994)(an attorney's evaluation of the relative importance of evidence falls squarely within the parameters of privilege).**

2. Without limiting the scope of the foregoing, all documents relating and/or referring to the facts, events or circumstances that are addressed in the Complaint or the Answer.

   **RESPONSE:**

   **Wal-Mart objects to Request No. 2 on the grounds that it is overbroad, vague and ambiguous, not sufficiently limited in time and scope and seeks information that is or may be protected by the attorney-client privilege and/or work product doctrine.**

3. Without limiting the scope of the foregoing, all documents related to any and/or all communications between Defendant and Plaintiff.

   **RESPONSE:**

   **Wal-Mart objects to Request No. 3 on the grounds that it is overbroad, vague and ambiguous, not sufficiently limited in time and scope.**

3

**HAMILTON, MILLER & BIRTHISEL** LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

**Subject to and without waiving said objections, Wal-Mart states that the only written communications with Plaintiff have been through her attorney.**

4.   Any and all documents relating to any communications between Defendant and any third party regarding the averments set forth in the Complaint.

**RESPONSE:**

**Wal-Mart objects to Request No. 4 on the grounds that it is overbroad, vague and ambiguous, not sufficiently limited in time and scope and seeks information that is or may be protected by the attorney-client privilege and/or work product doctrine.**

5.   Copies of Defendant's policies of insurance in force at the time of the occurrence or polices under which the Defendant was covered at the time of the incident.

**RESPONSE:**

**Wal-Mart maintains a Self-Insured Retention applicable to this case in the amount of $2,000,000.00 which must be exhausted before insurance can be considered. See Declaration Page Bates Stamp Nos. WM 001- 005.**

6.   Copies of any and all incident or accident reports prepared in response to the accident.

**RESPONSE:**

**Wal-Mart objects to Request No. 6 on the grounds that it is overbroad, and seeks documents that are protected by the work product doctrine as the requested materials were prepared in anticipation of litigation, as part of Wal-Mart's investigation into**

4

**HAMILTON, MILLER & BIRTHISEL** LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

**Plaintiff's claims.** *See* Fed. R. Civ. P. 26(b)(3)(A); *Fojtasek v. NCL (Bahamas) Ltd.*, 262 F.R.D. 650, 656 (S.D. Fla. 2009) *citing Iaquinto v. Carnival Corp.*, Case No. 05–21652–CIV–JORDAN (S.D. Fla. Nov. 18, 2005, DE # 18) (finding the incident report, witness statements and photographs of the incident area were prepared in anticipation of litigation); *Lobegeiger v. Royal Caribbean Cruises Ltd.*, 2012 WL 760857 (S.D. Fla. Mar. 7, 2012) (accident report found to be work product protected); *Finnegan v. Carnival Corp.*, 2009 WL 2852671 (S.D. Fla. Sept. 2, 2009)(slip and fall accident reports deemed work product protected). *See* Privilege Log prepare contemporaneously with these Responses.

7.  Any and all incident/accident reports for accidents during the two years preceding this accident that have occurred in the same general location and which are of the same general type of accident as the accident complained of in the within suit.

   **RESPONSE:**

   **Wal-Mart objects to Request No. 7 on the grounds that it is overbroad, irrelevant, vague and ambiguous, not sufficiently limited in time and scope, requests information that is protected from disclosure by the attorney-client privilege and/or work product doctrine, and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it seeks documentation pertaining to all slip and fall incidents occurring at the subject location without regard to whether the prior incidents are substantially similar to the incident alleged in Plaintiff's Complaint. Moreover, Plaintiff has not yet appeared for her deposition to identify with specificity the nature of her claim and the location of the alleged incident.**

   **Request No. 7 should be limited in scope to similar slip incidents allegedly occurring in the precise area and manner at issue, including the alleged dangerous condition (water) at the subject store and within the two years prior to Plaintiff's alleged incident.** *Universal City Development v. Williams*, **963 So. 2d 351, 354 (Fla. 5th DCA 2007).**

   **The issue of discoverability of prior incidents is well-settled in both**

5

state and federal courts. "Florida has long held that before prior accidents or incidents are either discoverable or admissible, the plaintiff must establish that the accidents or incident are 'substantially similar' to the injury in question." *Universal City Dev. v. Williams*, 963 So. 2d 351, 354 (Fla. 5th DCA 2007) citing *Caterpillar v. Keskes*, 639 So. 2d 1129, 1130 (Fla. 5th DCA 1994). The Middle District of Florida has addressed substantial similarity in the context of evidence of prior accidents in *Pinchinat v. Graco Children's Products, Inc.*, 2005 WL 5960928 (M.D. Fla.), stating:

> Because there is a strong potential for prejudice resulting from the admission of evidence of other accidents, certain limitations on the admission of such evidence have been developed. First, the proponent of the evidence must show that conditions substantially similar to the occurrence in question caused the other accidents. *Jones v. Otis Elevator Co.*, 861 F.2d 655, 661-62 (11th Cir. 1988); *Heath v. Suzuki Motor Corp.*, 126 F.3d at 1396; *Hessen v. Jaguar Cars, Inc.*, 915 F.2d 641, 649-50 (11th Cir. 1990); *Jones*, 861 F.2d at 661-62; *Heath*, 126 F.3d at 1396 n. 12; *Hessen*, 915 F.3d at 649. Second, the other accidents must not be too remote in time, an issue which is within the trial court's discretion. *Jones*, 861 F. 2d at 662. Third, other accident evidence is subject to the reasonable discretion of the trial court as to whether prejudice or confusion of issues which may probably result from the admission of such evidence outweighs the probative value of the evidence. *Heath*, 126 F. 3d at 1396 n. 13. In a recent examination of discovery in the context of products liability litigation, at least one Court has determined that a "specific factual showing of substantial similarity" is necessary to establish the relevance of information sought through discovery. *See Gibson v. Ford*, 510 F. Supp. 2d 1116, 1120 (N.D. Ga. 2007).

*Id*. at *2. The burden is on Plaintiff to make a "specific factual showing of substantial similarity" to establish the relevance of information sought through discovery. *See Gibson v. Ford*, 510 F. Supp. 2d 1116, 1120 (N.D. Ga. 2007).

Furthermore, Wal-Mart objects to providing the personal and confidential information of Wal-Mart's customers such as names and addresses. Disclosing the names and addresses of its customers involved in any incident in the store is irrelevant to establishing notice and violates the rights of Wal-Mart's customers who should

6

**HAMILTON, MILLER & BIRTHISEL** LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

**not be subjected to calls, interviews, or subpoenas compelling their appearance at depositions or trial because they may have been involved in an incident. Plaintiff's request seeks personal information that Wal-Mart is not at liberty to disclose and disclosure of same is a violation of the customer's Constitutional Right to Privacy.** *See Universal City Dev. v. Williams***, 963 So. 2d 351, 355 (Fla. 5th DCA 2007) (the court quashed a discovery order that compelling the disclosure of the names, addresses and social security numbers of other similarly injured persons).**

8. Any and all maintenance and/or cleaning or inspection records during the one week preceding this accident for the particular area of the store/premises/building involved in the within accident.

**RESPONSE:**

**Wal-Mart objects to Request No. 8 on the grounds it is overbroad, irrelevant, not properly limited in time or scope, as it is not limited to records pertaining to the alleged condition: a foreign transitory substance. Subject to and without waiving said objections, none as Wal-Mart does not maintain records of spot cleaning.**

9. Any and all safety manuals, safety brochures, training films or manuals, pamphlets, posters, films or their transcript bearing upon safety, customer safety, cleanliness and maintenance of the area where the accident occurred.

**RESPONSE:**

**Wal-Mart objects to Request No. 9 on the grounds it is overbroad, not properly limited in scope, not reasonably calculated to lead to the discovery of admissible evidence, and seeks information which Wal-Mart deems proprietary or confidential business information and practices. See Fed. R. Civ. P. 26(c)(1)(G).**

**This Request should be limited to documents regarding the cleaning and maintenance of the floors in the area of the alleged incident for the**

7

**HAMILTON, MILLER & BIRTHISEL** LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

**condition alleged: transitory substances.** *See Washington v. Brown & Williamson Tobacco Corp.*, **959 F. 2d 1566, 1570 (11th Cir. 1992) (Discovery requests must be relevant, tailored to the issues, and not overly burdensome to the responding party).**

**Subject to and without waiving said objection, subject to the entry of an appropriate Confidentiality Agreement, Wal-Mart will produce the following documents: Job Aid – Spill Clean-Up; Slip, Trip and Fall Guidelines; Guidelines – Towel in Pocket (TIP) Program; Safety Training Topics - Spill Clean Up Procedures; Safety Sweep Guidelines; Monitor Front-End and Vestibule; Clean Vestibule; Clean Spills and Remove Any Potential Hazard; Spill Absorbent Program; Prevent Slips, Trips, and Falls.**

10.  Any and all letters, complaints, telephonic messages etc., concerning the condition of the area where the Plaintiff fell during the one year preceding this accident and the one year subsequent to this accident.

  **RESPONSE:**

  **None.**

11.  All documents that reflect the periodic inspection process on the day of the incident which is the subject matter of this lawsuit.

  **RESPONSE:**

  **None as all employees are responsible for maintenance in the store and all employees constantly conduct visual inspections for transitory substances as they carry out their duties around the store, which are corrected immediately upon being identified.**

12.  Any and all payments that you intend to introduce as evidence at trial.

  **RESPONSE:**

  **None.**

13. Any and all statements of the Plaintiff and/or Plaintiff's agents.

**RESPONSE:**

**Wal-Mart objects to producing Plaintiff's statement regarding the incident before Plaintiff's deposition as Wal-Mart is entitled to Plaintiff's unrefreshed recollection of the incident. Wal-Mart will provide a copy of Plaintiff's statement once the Plaintiff's deposition has concluded.** *Parks v. NCL (BAHAMAS) Ltd.***, 285 F.R.D. 674, Case No. 12-21708-Civ-COHN/SELZER, D.E. 30 (S.D. Fla. Oct. 5, 2012);** *Bradley v. Wal-Mart Stores, Inc.***, 196 F.R.D. 557 (E.D. Mo. 2000).**

14. Any and all documents that reflect the store layout of the Premises on the day of the incident, including store layout map(s) and aisle layout map(s).

**RESPONSE:**

**See Floor Plan, Page Bates Stamp No. WM 006.**

15. Any and all documents that reflect the store layout of the Premises presently, including store layout map(s) and aisle layout map(s).

**RESPONSE:**

**Wal-Mart objects to Request No. 15 on the grounds it is grossly overbroad, harassing, not proportionate to the needs of the case, and seeks information that is irrelevant to the central issue in this case which is notice. The information sought is not reasonably calculated to lead to the discovery of admissible evidence.** *See Washington v. Brown & Williamson Tobacco Corp.***, 959 F. 2d 1566, 1570 (11th Cir. 1992) (Discovery requests must be relevant, tailored to the issues, and not overly burdensome to the responding party).**

16. Any and all documents that reflect the store camera layout map(s) of the Premises on the day of the incident.

**RESPONSE:**

**None.**

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

17. Any and all documents that reflect the store camera layout map(s) of the Premises presently.

**RESPONSE:**

**Wal-Mart objects to Request No. 17 on the grounds it is grossly overbroad, harassing, not proportionate to the needs of the case, and seeks information that is irrelevant to the central issue in this case which is notice. The information sought is not reasonably calculated to lead to the discovery of admissible evidence.** *See Washington v. Brown & Williamson Tobacco Corp.***, 959 F. 2d 1566, 1570 (11th Cir. 1992) (Discovery requests must be relevant, tailored to the issues, and not overly burdensome to the responding party).**

18. Any and all photographs, movies, charts, and other documentary evidence of the scene, parties, or vehicles involved in or pertaining to the subject accident, occurrences, or issues in this case, including without limitation taken in connection with the accident identified in the Complaint.

**RESPONSE:**

**Wal-Mart objects to producing CCTV footage from the date of the incident before Plaintiff's deposition as Wal-Mart is entitled to Plaintiff's unrefreshed recollection of the incident. Wal-Mart will provide CCTV footage once the Plaintiff's deposition has concluded.** *Parks v. NCL (BAHAMAS) Ltd.***, 285 F.R.D. 674, Case No. 12-21708-Civ-COHN/SELZER, D.E. 30 (S.D. Fla. Oct. 5, 2012);** *Parks v. NCL (BAHAMAS) Ltd.***, 285 F.R.D. 674, Case No. 12-21708-Civ-COHN/SELZER, D.E. 30 (S.D. Fla. Oct. 5, 2012);** *Bradley v. Wal-Mart Stores, Inc.***, 196 F.R.D. 557 (E.D. Mo. 2000) ("[T]he better reasoned opinions require the [surveillance video] tape to be produced after the plaintiff's deposition has been taken.").**

19. Any and all photographs and/or movies of the Plaintiff resulting from surveillance and/or investigation of Plaintiff.

**RESPONSE:**

10

**HAMILTON, MILLER & BIRTHISEL** LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

**None.**

20. Any and all video footage of the premises on the date of the accident.

**RESPONSE:**

**Wal-Mart objects on the grounds it is grossly overbroad, not reasonably limited in time and scope, and not proportionate to the needs of the case. Wal-Mart further objects to producing CCTV footage from the date of the incident before Plaintiff's deposition as Wal-Mart is entitled to Plaintiff's unrefreshed recollection of the incident. Wal-Mart will provide CCTV footage once the Plaintiff's deposition has concluded.** *Parks v. NCL (BAHAMAS) Ltd.*, **285 F.R.D. 674, Case No. 12-21708-Civ-COHN/SELZER, D.E. 30 (S.D. Fla. Oct. 5, 2012);** *Parks v. NCL (BAHAMAS) Ltd.*, **285 F.R.D. 674, Case No. 12-21708-Civ-COHN/SELZER, D.E. 30 (S.D. Fla. Oct. 5, 2012);** *Bradley v. Wal-Mart Stores, Inc.*, **196 F.R.D. 557 (E.D. Mo. 2000) ("[T]he better reasoned opinions require the [surveillance video] tape to be produced after the plaintiff's deposition has been taken.").**

21. Any and all contracts involving maintenance reflecting a contract involving Wal- Mart Stores, Inc.

**RESPONSE:**

**None as Wal-Mart owned and operated the subject premises at all relevant times.**

22. Each and every lease agreement, maintenance agreement, and security agreement in force on the date of the incident found in the Complaint relating to the subject Premises that WALMART, INC. and/or WAL-MART STORES EAST, L.P. was a contracting party including roof maintenance agreements, floor maintenance agreements, any other maintenance contracts at the Premises, and security agreements.

**RESPONSE:**

11

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

CASE NO.: 0:18cv61984

**Wal-Mart objects to Request No. 22 on the grounds that it is overbroad, vague and ambiguous, not sufficiently limited in time and scope and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. This request is not limited to documents relating to the issue at hand: transitory substances.**

**Subject to and without waiving said objections, Wal-Mart states that it owned and operated the subject premises at all relevant times.**

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690