IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:18-CV-61984-FAM

POLLY BASSETT,

    Plaintiff,

v.

WAL-MART STORES EAST, L.P.,

    Defendant.

**PLAINTIFF'S RE-NOTICE OF TAKING**
**VIDEOTAPED DEPOSITION DUCES TECUM**

**TO: ALL COUNSEL LISTED ON CERTIFICATE OF SERVICE**

    **PLEASE TAKE NOTICE** that pursuant to Fed. R. Civ. P. 30(b)(6), the undersigned attorney(s) will take the videotaped deposition of:

| Deponent | Date | Time | Location |
|---|---|---|---|
| Defendant WAL-MART STORES EAST, L.P.'s Rule 30(b)(6) Corporate Representative | **January 30, 2018** | 10:00 a.m. | Tucker Law<br>200 SE 6th Street, Suite 405<br>Fort Lauderdale, FL 33301 |

This Deposition is being taken upon oral examination before a Court Reporter, or other officer authorized by law to take depositions in the State of Florida, regarding at least the following matters:

**Slip and Fall**

    1.    The relevant slip and fall that occurred on December 24, 2016 at or about 7:42:13 AM;

2. The circumstances surrounding the relevant slip and fall that occurred on December 24, 2016 at or about 7:42:13 AM;

3. The source of the liquid that caused the slip and fall on December 24, 2016 at or about 7:42:13 AM;

4. WAL-MART STORES EAST, L.P. (hereafter "WAL-MART") operating procedures and safety standards of WAL-MART at the relevant Premises;

5. Struck

6. WAL-MART's actual and constructive knowledge of the dangerous condition on the floor of the Vestibule before, during, and after the slip and fall that occurred on December 24, 2016 at or about 7:42:13 AM;

7. Each and every WAL-MART employee that walked through the Vestibule area within four (4) hours prior to the relevant slip and fall until an hour after the relevant slip and fall;

8. Each and every WAL-MART employee stationed or otherwised positioned at or near the Vestibule area within four (4) hours prior to the relevant slip and fall that occurred on December 24, 2016 at or about 7:42:13 AM;

9. Struck

10. Struck

11. Struck

12. Struck

13. Any employee having actual or constructive knowledge of the Vestibule area, and any hazard on the ground of the Vestibule, including within four hours prior to the slip and fall that occurred on December 24, 2016 at or about 7:42:13 AM;

14. Any substance cleaned from the ground following the slip and fall that occurred on December 24, 2016 at or about 7:42:13 AM;

15. WAL-MART Greeter job duties and tasks, including without limitation cleaning the store entryway;

16. Any known leaks in the Vestibule roof before, during, and after relevant slip and fall within a period of six months prior to and six months following the slip and fall on December 24, 2016;

17. Any and all repairs made to the roof of the Vestibule from six months prior to the relevant slip and fall to six months following the slip and fall, including without limitation any and all communication with Cedar Cove Inc and/or Low-Slope Solutions LLC Inc regarding the roof at the subject WAL-MART premises within a period of six months prior to and six months following the slip and fall on December 24, 2016;

**VIDEO**

18. The content of CCTV video on December 24, 2016;

19. The preservation of CCTV video;

20. All efforts made by WAL-MART to locate and produce CCTV Video in this matter;

21. Whether any additional CCTV video exists but has not yet been located;

22. Whether any additional CCTV video exists but has not yet been produced;

23. Whether any additional CCTV video existed but was not preserved;

24. Whether additional CCTV video camera angles existed but was not preserved;

25. Names and employees that reviewed the CCTV video cameras;

26. Struck

27. Efforts may by WAL-MART to preserve video;

28. Steps WAL-MART took to comply with Plaintiff attorney's January 9, 2017 preservation request;

29. WAL-MART's anticipation of litigation from the date of the slip and fall to the service of the lawsuit in this matter;

30. Steps WAL-MART took to preserve ESI and evidence in this matter;

31. Struck

32. Steps WAL-MART took to stop an automatic overwriting process of the CCTV footage;

33. WAL-MART's decision to remove only a single camera from the automatic overwriting system;

34. Employees that stored CCTV video on their cell phones;

35. Struck

36. Struck

37. Struck

38. When WAL-MART's investigation of this slip and fall incident started and stopped.

**Insurance Policies and Coverage**

39. The insurance policies and coverage (whether self-insurance, excess insurance, primary insurance, and secondary insurance) available to satisfy all or part of any claims brought against WAL-MART for the relevant slip and fall;

40. Struck

41. Struck

**Other**

42. Struck

43. Identification of each employee seen in the produced CCTV video, including last known address, phone number, and email address, and the current status of the employee with WAL-MART; and

44. Information concerning the managers and employees responsible for the cleanliness of the Vestibule area within the four (4) hours prior to the slip and fall that occurred on December 24, 2016 at or about 7:42:13 AM. .

Further pursuant to Fed. R. Civ. P. 30(b)(6), the organization so named shall designate one or more officers, directors, or managing agents, or other persons who consent to do so, to testify on its behalf and may state the matters on which each person designated will testify. The persons so designated shall testify about matters known or reasonably available to the organization.

The deposition is being taken for the purpose of discovery, for use at trial, *de bene esse*, or for such other purposes as are permitted under the Rules of Court. The deposition will continue from day to day until completed and will be recorded via stenographic means and videotaped means. Pursuant to Rule 1.310(b)(4)(A), the operator shall be Universal Court Reporting, Inc., 888 E. Las Olas Blvd, Suite 508, Fort Lauderdale, FL 33301.

The following documents, including memoranda, notes, records, applications, letters, e-mails, or other materials that may be used to support Plaintiff's case at trial are to be presented at the time of the deposition:

1. Any and all safety manuals, safety brochures, training films or manuals, pamphlets, posters, films or their transcript bearing upon store greater safety, customer safety, cleanliness and maintenance of the area where the accident occurred.

2. Any and all safety manuals, safety brochures, training films or manuals, pamphlets, posters, films or their transcript bearing upon duties and tasks of employees related to the Vestibule area.

3. Struck

4. Any and all documents that bear upon WAL-MART Greeter job duties and tasks, including without limitation cleaning the store entryway.

5. Any and all documents that bear upon employee duties and tasks of cleaning the Vestibule area.

6. Struck

7. Struck

8. Any and all WAL-MART records indicating employees on duty for a period of four (4) hours prior to the slip and fall that occurred on December 24, 2016 at or about 7:42:13 AM; and

9. Struck

Inspection of the above documents shall be permitted unless this request for documents is objected to, in which event the reasons for the objection shall be stated.

Dated: January 24, 2019

Respectfully submitted,

By: s/Matthew Sean Tucker
Matthew Sean Tucker
Florida Bar No. 90047
Tucker Law®
200 SE 6TH Street, Suite 405
Fort Lauderdale, FL 33301
Telephone: (954) 204-0444
Facsimile: (954) 358-4946
Matt@TuckerUp.com
*Attorney for Plaintiff(s)*

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was emailed to the this January 24, 2019 to all counsel of record identified on the Service List below.

By: s/Matthew Sean Tucker

**Service List:**
**Annalisa Gutierrez, Esq.**
**Gilda M. Chavez, Esq.**
**Jerry D. Hamilton, Esq.**
Hamilton, Miller & Birthisel, LLP
150 Southeast Second Avenue, Suite 1200
Miami, FL 33131
agutierrez@hamiltonmillerlaw.com
gchavez@hamiltonmillerlaw.com
jhamilton@hamiltonmillerlaw.com