IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:18-CV-61984-ALTMAN/HUNT

**POLLY BASSETT**,

    Plaintiff,

v.

**WAL-MART STORES EAST, L.P.**,

    Defendant.

**PLAINTIFF'S RESPONSE IN OPPOSITION AND/OR
MOTION TO STRIKE TO WAL-MART STORES EAST, LP'S
MOTION TO TAX ATTORNEYS' FEES AND COSTS [D.E. 194]**

**COMES NOW**, the Plaintiff, POLLY BASSETT, by and through undersigned counsel and pursuant to Federal Law, hereby requests this Court deny Defendant WAL-MART STORES EAST, LP's (hereafter "WALMART") Motion to Tax Attorneys' Fees and Costs for failure to comply with Local Rule 7.3, and in support of her request states as follows:

1. Local Rule 7.3 sets forth the mechanism to assist parties in resolving attorneys fees and costs disputes.

2. L.R. 7.3(b) provides that:

Except as to any aspect of a fee claim upon which the parties agree, a draft motion compliant with Local Rule 7.3(a)(1)-(8) must be served but not filed at least thirty (30) days prior to the deadline for filing any motion for attorneys' fees and/or costs that is governed by this Local Rule. Within twenty-one (21) days of service of the draft motion, the parties shall confer and attempt in good faith to agree on entitlement to and the amount of fees and expenses not taxable under 28 U.S.C. § 1920.

3. WALMART hasn't complied with Local Rule 7.3 because it has failed to send a draft of the motion and confer in good faith to agree on entitlement to and the amount of fees and expenses.

4. Yet further, the relevant Motion [D.E. 194] fails to further comply with Local Rule 7.3 in any regard, including without limitation a failure to:

   a. engage in a good faith effort to resolve the motion, pursuant to L.R. 7.3(a);

   b. disclose the terms of any applicable fee agreement, pursuant to L.R. 7.3(a)(4);

   c. provide the experience and qualifications for each timekeeper for whom fees are sought;

   d. describe and document with invoices all incurred and claimed fees and expenses not taxable under 28 U.S.C. § 1920, pursuant to L.R. 7.3(a)(6);

   e. verify its motion, pursuant to L.R. 7.3(a)(7); and

   f. certify that a good faith effort to resolve issues by agreement occurred pursuant to Local Rule 7.3(b), pursuant to L.R. 7.3(a)(8).

5. In order for the Plaintiff to properly evaluate and respond to the Defendant's Motion for the attorney fees and costs submitted, the Plaintiff requires the meet and confer to discuss the bills with the opposing counsel. Because WALMART's counsel has not followed L.R. 7.3, the Plaintiff is unable at this time to object with reasonable particularity to each time entry or nontaxable expense to which it would object.

6. To the extent that the Court does not deny or strike Defendant's Motion [D.E. 194], Plaintiff seeks a reasonable extension of time to respond to the Motion [D.E. 194].

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter an Order denying entitlement of attorneys fees and costs for failure to comply with Local Rule 7.3 or in the alternative striking the Defendant's Motion [D.E. 194] requiring the Defendant to comply with Local Rule 7.3, or in the alternative ten (10) day extension of time from the court's order to respond to the Motion [D.E. 194], and award any and all relief this court deems just and proper.

Respectfully submitted,

Dated: November 20, 2019

By: s/Matthew Sean Tucker
Matthew Sean Tucker
Florida Bar No. 90047
Tucker Law®
200 SE 6TH Street, Suite 405
Fort Lauderdale, FL 33301
Telephone: (954) 204-0444
Facsimile: (954) 358-4946
Matt@TuckerUp.com
*Attorney for Plaintiff(s)*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on November 20, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

By: s/Matthew Sean Tucker